## Case No. 4,840.

FITZHUGH v. BLAKE.

[2 Cranch, C. C. 37.][1]

Circuit Court, District of Columbia. Dec. Term, 1811.

Mr. Law, for the defendant,

THE COURT (FITZHUGH, Circuit Judge, absent) was of opinion that the scire facias was not a new suit; and that the judgment upon it was such a judgment in a suit pending in a court in Maryland on the 27th of February, 1801, as would justify the clerk of this court to issue an execution upon the original judgment thus revived, under the 13th section of the act of 27th February, 1801.

Mr. Law then contended, that if the scire facias was not a new suit commenced after the date of that act, the exemplification should have been of the whole record, including the original judgment and the proceedings which led to it, and not of the proceedings upon the scire facias alone.

Mr. Law also objected that the execution does not pursue the original judgment. It is for a certain sum to be released on the payment of such sum as Leonard Mackall, for whose use the execution is docketed, shall say is due; which is no part of the original judgment.

THE COURT (FITZHUGH, Circuit Judge, absent) quashed the execution, on the ground that the exemplification of the original judgment was not filed before issuing the execution; and because the release was uncertain.

[1] [Reported by Hon. William Cranch, Chief Judge.]

## Case No. 4,841.

FITZHUGH v. The COMMERCE.

[38 Hunt, Mer. Mag. 193.]

Circuit Court, D. New York.[1] Sept., 1857.

NELSON, Circuit Justice. The libel in this case was filed by the owners of the barge Isabella against the Commerce for a collision on the North river, near Castleton, some ten miles below Albany. The steamboat Indiana was ascending the river on the east side with a tow of ten boats. The Isabella, the one in question, with barge Cleveland, were the last tier, and were connected by a hawser to the tug. There was an intermediate tier of four canal boats, also connected by a hawser, some two hundred feet in advance of the two last. The Indiana had passed Mull Island, and had straightened up on the east side of the river, as near as it was safe for her to go, and had advanced so far that the last tow was opposite or just above the head of the island. The Commerce had left Albany that evening, and was descending the river on the west side, the Oregon following her at a distance of a few hundred yards. The night was not very dark. The Commerce, after passing the Indiana west from seventy to one hundred feet, when about opposite the second tier of tows took a sheer to the east, and thus changing her course, struck the Isabella, which was lashed to the larboard side of the Cleveland, and, of course, nearest the Commerce, sinking vessel and cargo.

The court below was of opinion, upon the proofs, that the Isabella was wholly in fault, being out of place at the time, and far in towards the west shore, and in the track of the Commerce, and dismissed the libel. [Case unreported.] The conflict and obscurity of the proofs on this point have been very much cleared up by the evidence of the pilot of the Oregon, who had charge of that vessel, which has been taken in this court since the appeal. The evidence of the master of the Indiana, and of six of the tows, is very full and explicit, that, at the time of the sheer of the Commerce, the two last tows, the Isabella and Cleveland, were on a line, or nearly in a line, with the tug, which confessedly was as far to the east shore as was safe; and the master of the Cleveland, to which vessel the Isabella was lashed, states that his vessel was about as

[1] [District not given.]