## FUNDERBURK *et al. vs.* SMITH.

A *scire facias* to revive a judgment is not an original suit, but is a continuation of another suit, and is to be brought in the court where the judgment was rendered. All the parties to the original judgment must be parties to the proceeding to renew or revive it, and if one of them has removed from the state, he should be made a party and served by publication. The whole judgment must be revived, and not a part of it.

February 24, 1885.

Judgments. Parties. Service. Before J. H. MARTIN, Esq., Judge *pro hac vice.* Talbot Superior Court. September Term, 1884.

Reported in the decision.

MARION BETHUNE, by brief, for plaintiffs in error.

No appearance for defendant.

BLANDFORD, Justice.

Smith obtained a judgment against A. J. Pope, D. H. Funderburk, William Roberts and George C. Gorham. This judgment having become dormant, the plaintiff sued out *scire facias* against the defendants to revive the same. All of the defendants were served except Pope, he having moved to the state of Florida; and he was not made a party by publication, as provided by the act of 1850, as contained in 3608th section of the Code; yet the court allowed the judgment to be revived as to Funderburk,

Roberts and Gorham, and they excepted to this judgment and error is assigned thereon.

A *scire facias* to revive a judgment is not an original suit, but is a continuation of another suit, and is to be brought in the court where the judgment was rendered. *Dickinson vs. Allison*, 10 *Ga.*, 558; Code, §§3607, 3608. All the parties to the original judgment must be parties to the proceedings to renew or revive that judgment, and .must be made parties, as provided by section 3608 of the Code. Pope, one of the parties to the original judgment, not having been made a party and served with *scire facias* to revive that judgment as required by law, it was error to have revived the same as to the other parties; the ·whole judgment must be revived, and not a part of it.

Judgment reversed.