## G. W. HEPLER v. H. H. DAVIS.

[FILED JULY 2, 1891.]

Foreign Judgment: REVIVOR WITHOUT PERSONAL SERVICE: LIMITATIONS. A judgment was recovered against A in the state of Illinois in the year 1879, and A soon afterwards removed to this state, and has resided herein continually ever since. In 1888 the judgment. was revived in Illinois without personal service upon A in that state, or an appearance by him in the action, and suit was thereupon brought on the revived judgment in Nebraska. *Held*, That the alleged revivor of the judgment in Illinois did not affect the running of the statute of limitations in this state, as the court had no jurisdiction over the defendant and could make no order to affect him personally.

ERROR to the district court for Fillmore county. Tried below before MORRIS, J.

*Billings & Billings,* for plaintiff in error, cited : Coke Littleton, secs. 290*b*, 305 ; *Pulteney v. Townson,* 2 W. Blackstone [Eng.], 1226 ; *Kirkland v. Krebs,* 34 Md., 93 ; *Fagan v. Bently,* 32 Ga., 534 ; *Dennis v. Bank,* 19 Neb., 677 ; *Wegman v. Childs,* 41 N. Y., 159 ; *Ulshafer v. Stewart,* 71 Pa. St., 170 ; *Woodward v. Baker,* 10 Or., 491 ; *Elasser v. Haines,* 18 Atl. [N. J.], 1095.

*F. B. Donisthorpe, contra,* cited : *Tessier v. Englehart,* 18 Neb., 167 ; *Eaton v. Hasty,* 6 Id., 424 ; *Marx v. Kilpatrick,* 25 Id., 107.

MAXWELL, J.

In January, 1879, the plaintiff recovered a judgment against the defendant in the state of Illinois, the defendant being personally served with summons. Soon after the recovery of the judgment the defendant removed to this state and has continued to reside here to the present time. On the 12th of October, 1888, the judgment in Illinois

was revived in that state without jurisdiction of the person of the defendant. In December following, this action was brought in the district court of Fillmore county upon the judgment so alleged to have been revived. On the trial of the cause the court found as follows:

"That on the 7th day of January, 1879, plaintiff recovered judgment against the defendant in the circuit court of Livingston county, Illinois, on personal service, said court being a court of general jurisdiction, for the sum of $130.65 and $49.25 costs of suit, together with interest at six per cent per annum, in an action then pending in said court between said parties; that on the 12th day of November, 1888, said plaintiff obtained a judgment of revivor in said court as by the law of said state provided, which said law is as follows, viz.:

"'Sec. 27. *Scire facias.*—It shall not be necessary to file a declaration in any *scire facias* to revive a judgment or foreclose a mortgage in any court of record in this state. And in any such case of *scire facias* to revive a judgment, where the plaintiff in the judgment sought to be revived, or his attorney, shall file an affidavit in the office of the clerk of the court out of which the writ issues, showing that the defendant in the *scire facias* resides or has gone out of the state, or is concealed within the state so that process cannot be served on him, and stating the place of residence of such defendant, if known, or that, on due inquiry, his place of residence cannot be ascertaind, then in such case notice to the defendant may be given by publication and mail in the same manner as is provided by statute for notice in like cases in chancery.' (Ch. 110, Revised St. Ill., 1883.)

"'Sec. 25. *Revival of judgment by scire facias.*—Judgment in any court of records in this state may be revived by *scire facias*, or an action of debt may be brought thereon within twenty years next after date of such judgment, and not after.' (Ch. 83, Id.)

" ' Sec. 12. *Notice by publication, etc.*—Whenever any complainant or his attorney shall file in the office of the clerk of the court in which his suit is pending, an affidavit showing that any defendant resides or hath gone out of this state, or on due inquiry cannot be found, or is concealed within this state so that process cannot be served upon him, and stating the place of residence of such defendant, if known, or that upon diligent inquiry his place of residence cannot be ascertained, the clerk shall cause publication to be made in some newspaper printed in his county, and if there be no newspaper published in his county, then in the nearest newspaper published in this state, containing notice of the pendency of such suit, the names of the parties thereto, the title of the court, and the time and place of the return of summons in the case; and he shall also, within ten days of the first publication of such notice, send a copy thereof by mail, addressed to such defendant whose place of residence is stated in such affidavit. The certificate of the clerk that he has sent such notice in pursuance of this section shall be evidence.' (Rev. St. Ill., ch. 22, 1883.)

"That no personal service of notice was had of said proceedings upon said defendant, who then, and now, and for eight years last past, has continually been a resident of Fillmore county, Nebraska, and he had no notice or knowledge in any manner of said proceedings.

" It is therefore considered by the court that said cause of action did not accrue within five years next before the commencement of this action, and is therefore barred by the statute of limitations, and that the plaintiff's cause of action be, and the same is hereby, dismissed."

In *Packer v. Thompson*, 25 Neb., 688, the plaintiff in error had removed from Iowa to this state after a judgment had been recovered against him in that state. Eight years afterwards he returned to Iowa on a visit, when he was personally served with a conditional order of revivor

and the action afterwards revived.   An action was there-
upon brought on the revived judgment in this state and
the action was sustained.   That case, however, differs ma-
terially from this.   The judgment rendered in Illinois had
no extra-territorial force.   If it is sought to collect it in
this state by due course of law, an action must be brought
thereon and service had upon the defendant, and a defense,
such as payment, release, the statute of limitations, etc., is
available.

An action upon a foreign judgment must be brought
within five years or it will be barred; and the judgment
of a sister state is, within the meaning of the statute of
limitations, a foreign judgment.   Neither did the alleged
revivor, there being neither an appearance by, nor service
on the defendant, remove the bar of the statute, as the writ
could have no effect beyond the limits of the state where
issued.   The bar of the statute of limitations therefore was
not removed by the attempted revivor, and the action is
barred.   The judgment is right and is

AFFIRMED.

THE other judges concur.