RICE, BROWN & CO. v. WILLIAM MOORE *et al.*

1. ACTION *Within Five Years.* An action upon the judgment of a sister state must be brought in Kansas within five years, or it will be barred.

2. DORMANT JUDGMENT — *Revivor — Action, Barred.* The revivor of a judgment in Ohio is merely a continuation of the original suit, so as to restore the judgment, and such revivor, made without an appearance by or personal service upon the defendant, who has been a resident of Kansas for more than five years after the rendition of the original judgment, will not remove the bar of the statute of limitations of this state.

*Error from Garfield District Court.*

AT the September term, 1889, the court sustained the general demurrer filed by defendants *Moore* and another, to the petition of plaintiffs, *Rice, Brown & Co.* They complain of this ruling, which they bring to this court for review.

*H. R. Boyd,* for plaintiffs in error.

*Milton Brown,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: On the 27th day of October, 1879, Rice, Brown & Co., a firm doing business in the state of Ohio, recovered a personal judgment against William Moore, in the county of Ottawa, in that state. There is an unpaid balance upon the judgment of $249.30. The judgment became dormant under the statutes of Ohio; but at the January term for 1889 of the court of common pleas of Ottawa county, it was revived by publication. William Moore was not personally served with any notice that the judgment would be revived, nor did he enter any appearance in the proceedings of revivor. It is not alleged in the petition that the defendant, William Moore, is a non-resident of this state, or that he has ever been out of the state, or has absconded, or concealed himself. This action was commenced on the 1st day of May, 1889, nearly ten years after the rendition of the judgment

in Ohio, and a few months after the revivor by publication, in January, 1889. A general demurrer was filed to the petition, which was sustained by the court below. Rice, Brown & Co. complain of this ruling.

The question is, whether the petition is sufficient, in view of the five-years statute of limitations prescribed by our statute. (Civil Code, § 18; *Burnes v. Simpson,* 9 Kas. 658; *Mawhinney v. Doane,* 40 id. 676.) Where it is apparent from the face of the petition that the debt or claim is barred, a demurrer is properly sustained. (*Zane v. Zane,* 5 Kas. 134; *Stanclift v. Norton,* 11 id. 218.) If there had been no revivor of the judgment in Ohio, we suppose it would be conceded, even if the judgment had not become dormant under the statutes of that state, that no recovery could be had upon the judgment in this state, if Mr. Moore had been an actual resident of this state for five years (the full time of our limitation) after the rendition of the judgment. The authorities are to the effect that "remedies are to be governed by the laws of the country where the suit is brought." The laws of this state, where the action is brought, must govern the limitation. It was recently decided by this court, in *Bauserman v. Charlott,* 46 Kas. 480, that "where an action is brought in this state upon a judgment of a court of record of a sister state, which is in full force in that state, the statute of limitations of this state, and not that of the sister state, will control." (*United States v. Donnally,* 33 U. S. 372.)

It is contended, however, as the judgment was revived in Ohio in January, 1889, a few months only before this action was commenced, that the bar of the statute of limitations is not effective. A *scire facias* to revive a judgment is not a new suit, but the continuation of an old one. (Freeman, Judgm., § 444; *Elsasser v. Haines,* 52 N. J. L. 10.) In *Irwin v. Nixon,* 11 Pa. St. 425, it is said to be "a common, plain and familiar principle, that a *scire facias* to revive a judgment . . . is but a continuation of the original action, and the execution thereon is an execution on the former judgment. The judgment on the *scire facias* is not . . . a new judgment, giv-

ing vitality only from that time, but it is the revival of the original judgment, giving or rather continuing the vitality of the original judgment, with all its incidents, from the time of its rendition." (1 Pet. C. C. 448.) Hence, the proceeding in Ohio in January, 1889, must be regarded as a continuation only of the former suit or judgment. This seems to be admitted in the brief of counsel for plaintiffs, for it is stated that "reviving a judgment is the act by which a judgment which has lain dormant or without any action upon it for a year and a day is, at common law, again restored to its original force." The revivor of the Ohio judgment removes its dormant quality only, but does not affect the statute of limitations in this state, or in any way prevent its running against the judgment rendered in 1879.

We think, within the provisions of our civil code concerning limitations, the action upon the judgment ought to have been brought within five years after its rendition, if, during all of that time Moore was personally present within this state. If brought after five years it is too late. If however, it be claimed that the revivor in Ohio is not a mere order that execution issue, but a new judgment, and therefore of full force as a new judgment of the date of January, 1889, no action can be brought thereon in this state, because Moore was not personally served in the proceeding for revivor, or entered any appearance therein. (*Kay v. Walter*, 28 Kas. 112.) In the last case this court decided that a judgment rendered in Pennsylvania on May 26, 1864, and revived in 1867, and again in 1877, but sued on in this state in 1881, "was unquestionably barred by the five-years statute of limitations."

In the case of *Hepler v. Davis* (Neb.), 49 N. W. Rep. 458, a judgment was recovered against A. in Illinois in 1879. A. removed to Nebraska soon afterward and continued to reside in that state. In 1888 the judgment was revived in Illinois without personal service upon A., or an appearance by him. In December, 1888, nine years after the judgment was rendered, an action was brought upon it in Nebraska. In that state, as in ours, the limitation of five years as to judgments

exists.   It was held in that case, Maxwell, J., delivering the
opinion, that an action upon a judgment of a sister state must
be brought in Nebraska within five years, or it will be barred,
and that the alleged revivor of the judgment in Illinois, in
1888, did not remove .the bar of the statute of Nebraska.
That case is very similar to this one. (See also *Eaton v. Hasty,*
6 Neb. 419; *Tessler v. Englehardt,* 18 id. 167; *Marx v. Kil-
patrick,* 25 id. 107.)

Moore having resided in this state for five years after the
original judgment against him was rendered and before the
alleged revivor or the commencement of this action, our stat-
ute of limitations prevents any action upon the judgment
from being maintained.

The ruling and judgment of the district court will be
affirmed.

All the Justices concurring.