## OWENS *v.* HENRY.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF LOUISIANA.

No. 143: Argued and submitted March 13, 1896. — Decided March 30, 1896.

In June, 1861, O. recovered judgment in a Pennsylvania court for the recovery of a sum of money against H. and F., both residents of that State. In 1865 H. removed to Louisiana, and became a citizen of that State and

continued so until his death. In 1866 the judgment was revived by *scire facias*, process being served on F. only. In 1871 it was in like manner revived. In 1880 O. proceeded on the judgment against H. in the courts of Louisiana, where a judgment is barred by prescription in ten years from its rendition. Being compelled to elect upon which judgment he relied, he elected to stand upon the *scire facias* judgment of 1871. *Held,* that, viewed as a new judgment rendered as in an action of debt, the judgment had no binding force in Louisiana, as H. had not been served with process or voluntarily appeared; and considered as in continuation of the prior action and a revival of the original judgment for purposes of execution, it operated merely to keep in force the local lien, and, for the same reason, it could not be availed of as removing the statutory bar of the *lex fori.*

JUNE 17, 1861, judgment was entered on a bond and warrant of attorney, dated March 1, 1861, for ten thousand dollars, conditioned for the payment of five thousand dollars on the second day of March, 1861, with interest, in favor of Bernard Owens against John Henry and James Feeny in the District Court for the county and city of Philadelphia, now the Court of Common Pleas No. 3, for the county of Philadelphia, State of Pennsylvania, and execution was issued thereon that day. February 3, 1866, a *scire facias* to revive this judgment was issued returnable the first Monday of March, and served upon Feeny, but returned *nihil habet* as to John Henry. And a second writ was issued March 19, 1866, and returned *nihil.* The docket entries show: "Ap'l 21, 1866. Judg't for want of an affidavit of defence," but damages were not assessed until March 17, 1871, when they were entered at $6525. On that day a *sci. fa.* to revive this latter judgment was issued returnable the first Monday of April, 1871, and returned *nihil,* and April 11 an *alias* was issued returnable the first Monday of May, 1871, with a like return.

May 10, 1871, judgment was rendered "for want of an appearance on two returns of *nihil*," and damages assessed at $8482.50. The record shows the assessment was made up of the amount of the prior judgment, (assessed March 17, 1871, but treated as of the date of the interlocutory judgment,) $6525, interest from April 21, 1866, $1957.50, "real debt, $8482.50."

At the time the original judgment was rendered, John

Henry was a citizen of the State of Pennsylvania, but he removed to the State of Louisiana in 1865, and became a citizen of that State, residing there from September 5, 1865, until his death, January 3, 1892.

November 1, 1880, Bernard Owens, who was a citizen of Pennsylvania, filed his petition in the Circuit Court of the United States for the Eastern District of Louisiana against John Henry, as a citizen of Louisiana, setting forth the recovery of judgment against Henry and Feeny June 17, 1861, and the issue of the writs of *scire facias*, upon which he recovered judgment May 10, 1871, in the sum of $8482.50, with interest from that date, together with costs, and prayed judgment, with interest and costs. Henry appeared and filed peremptory exceptions to the petition, which exceptions were sustained, and the plaintiff allowed to amend by declaring on which judgment he relied. Thereupon, Owens filed his supplemental petition, in which he elected to stand upon the *scire facias* judgment of May 10, 1871. Defendant again excepted, and also answered that since September 5, 1865, he had been a citizen and resident of Louisiana, and for and during that time had not been a citizen of Pennsylvania, nor domiciled in said State, nor in any manner represented therein, nor been in any manner, by himself or his property, subject to the laws of the State of Pennsylvania; also pleading *nul tiel record*, and denying that the courts of Pennsylvania ever acquired jurisdiction over him by service or by voluntary appearance.

The case was submitted to the court for trial, a jury being waived, the issues found for defendant, and judgment entered dismissing the suit. While the case was under consideration, Henry died, and it was revived as against his testamentary executor, McCloskey. Thereupon a writ of error was sued out from this court.

*Mr. George A. King* for plaintiff in error.

*Mr. W. S. Benedict* filed a brief for same.

No appearance for defendant in error.

MR. CHIEF JUSTICE FULLER, after stating the case, delivered the opinion of the court.

Judgments for money, whether rendered within or without the State, are barred by prescription in the State of Louisiana in ten years from the date of the rendition thereof. La. Civ. Code, Art. 3547. The original judgment was recovered June 17, 1861, and this action was commenced November 1, 1880. Considered as brought upon that judgment the action was barred, but inasmuch as the original petition set up the judgment on *scire facias*, rendered May 10, 1871, in respect of which ten years had not run, defendant compelled plaintiff to make his election as to which judgment he relied on, and he elected to stand on the judgment of May 10, 1871. The plea of prescription as to the original judgment therefore became unnecessary.

Ordinarily the writ of *scire facias* to revive a judgment is a judicial writ to continue the effect of, and have execution of, the former judgment, although in all cases it is in the nature of an action, as defendant may plead any matter in bar of execution, as for instance, a denial of the existence of the record or a subsequent satisfaction or discharge. Foster on Scire Facias, 13, and cases cited; Tidd's Practice, 1090; 2 Sellon's Practice, 275.

Conformably to the exigency of the writ, the judgment on *sci. fa.*, the proceeding being regarded as a continuation of the original action, usually is that plaintiff have execution of the judgment mentioned in the writ with costs. Lilly's Entries, 398, 638; Chitty's Forms, 9th ed., 635; Black, Judgments, § 498. But in Pennsylvania it is held that a *scire facias* is in such wise a substitute in that State for an action of debt elsewhere, that the judgment should be *quod recuperet* instead of a bare award of execution; and hence, that a judgment on *scire facias* cannot be avoided because the original judgment might have been. *Duff* v. *Wynkoop*, 74 Penn. St. 300; *Buehler* v. *Buffington*, 43 Penn. St. 278; *Conyngham* v. *Walter*, 95 Penn. St. 85. Accordingly the judgment of May 10, 1871, was a judgment for the recovery of the amount of

the judgment of 1866, with interest added thereon to date, and the judgment of 1866 was a similar judgment on the original judgment of June 17, 1861.

Viewed as a new judgment rendered as in an action of debt, it had no binding force in Louisiana, as Henry had not been served with process or voluntarily appeared. And considered as in continuation of the prior action and a revival of the original judgment for purposes of execution, on two returns of *nihil*, it operated merely to keep in force the local lien, and could not be availed of as removing the statutory bar of the *lex fori*, for the same reason. *Thompson* v. *Whitman*, 18 Wall. 457; *Pennoyer* v. *Neff*, 95 U. S. 714; *Grover & Baker Sewing Machine Co.* v. *Radcliffe*, 137 U. S. 287; *Steel* v. *Smith*, 7 Watts & Searg. 447; *Evans* v. *Reed*, 2 Mich. N. P. 212; *Hepler* v. *Davis*, 32 Nebraska, 556.

The Circuit Court was right, and its judgment is

*Affirmed.*