# January Term, 1921

## No. 9655.

### ALLEN *v.* PATTERSON.

Decided June 7, 1920. Rehearing denied Jan. 10, 1921.

Action to revive judgment. Revival against one of two defendants.

### *Reversed.*

1. JUDGMENTS—*Revival—Parties.* If a judgment creditor seeks by *scire facias* to keep a judgment in force, then he must proceed against *all* the defendants, and revive the specific judgment. If he desires to proceed against one only of the defendants, his remedy is by a new action in debt on the judgment.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. JOHN A. DEWEESE, Mr. JOHN L. McPHAIL, for plaintiff in error.

Mr. W. W. DALE, Mr. JOHN A. RUSH, for defendant in error.

*En banc.*

MR. JUSTICE BAILEY delivered the opinion of the court.

THIS was a proceeding in the County Court of the City and County of Denver to revive by *scire facias* a judgment against plaintiff in error Frank P. Allen. The original judgment was a joint one against Allen and one Enos A. Sperry. The County Court refused the writ because Sperry was not joined, and the matter was carried on appeal to the District Court. The District Court took the opposite view

302

and revived the judgment against Allen only. It is that
order which is now here for review.

A number of errors have been assigned, but in determin-
ing the case it will be necessary to consider only the one
which questions the legal right of plaintiff to have the judg-
ment by these particular proceedings revived against one
only of the two defendants.

The order of revival was brought under Chapter 19 of
the Code which reads:

"A judgment in a civil action may be revived by filing a
petition in the action, alleging the time the judgment was
rendered, that it remains unsatisfied in whole or in part,
stating the amount it is claimed the judgment should be
revived for; which petition shall be verified, as complaints
are required to be by this act.

"Upon filing such petition, the clerk shall issue an order
to show cause why such judgment shall not be revived, if
any there be, which order to show cause shall be directed to,
and served on, the defendants, in the same manner as sum-
mons are required to be served. The order to show cause
shall require the defendants to appear and show cause with-
in ten days after service on them.

"The defendant may appear and answer the petition in
the same manner complaints are required to be answered,
and the court shall try and determine any issue so formed,
the same as any issues made by pleadings are required to
be tried and decided, and hear any evidence necessary to
decide the matter.

"If the court decide to revive the judgment, in whole or
in part, it shall so order, and the papers and proceedings
shall be attached to the original files in the cause, and the
entry of the revivor made in the judgment docket and judg-
ment book, and if the petition is filed before the liens cre-
ated by the original judgment have expired and a transcript
of the entry of revivor in the judgment docket be filed with
the recorder of the county as provided for in the case of
original judgments, all rights under such judgments shall
continue, and execution may issue on such revived judg-

ment, the same as on the original judgment."

In discussing the propriety of reviving a judgment as to one of several defendants, it is said in Black on Judgments, vol. 1 (2d Ed.) sec. 491, at page 492:

"In case the judgment sought to be revived was rendered against two or more defendants, it is a practically universal rule that the *scire facias* must follow the judgment, and all the original defendants must be made defendants to the writ, if living; if one has died, the writ must be against the survivors jointly with the heirs and terre-tenants of the decedent (or his personal representatives in proper cases) and it is irregular to take proceedings against the surviving defendants alone, or against the representatives of the deceased without joining the survivors. Hence, where a plaintiff for any sufficient cause desires to revive a judgment against one or more of several defendants without joining all, his remedy is by an action or debt on the judgment; it cannot be done by *scire facias*. So where a writ to revive a judgment against several is not served on one of them, the plaintiff cannot discontinue the proceedings as to him and revive the judgment against the others."

In *Greer et al. v. State Bank*, 10 Ark. 455, the court in discussing the question gives cogent reasons why such revivor should not be permitted:

"The object of a proceeding by *sci. fa.* to revive a judgment is not to obtain a new judgment for the debt, but to procure execution of the judgment that has already been obtained. By the ancient common law, before the statute 13 Edw. I, ch. 45, which authorizes *sci. fa.* in such cases, if a plaintiff obtained judgment in any personal action, and remained quiet without taking out execution * * * within the year, he could not do so afterwards, but he was driven to his action of debt upon the judgment if he had in fact never received the amount; in which action the defendant might have an opportunity of proving that he had discharged it if he had really done so. * * * Now, the well settled rules of law touching the issuance of executions make it indispensible that they be issued in the name of the

plaintiff or plaintiffs in the action, however many there may be, against all the defendants, where all the parties are in being.  For if several have recovered, the payment of the debt or damages should be to them all; and if the recovery is from several, both the plaintiffs and the defendants have an interest that all should be joined; besides which the law requires that all the proceedings should harmonize, and that the whole record should be consistent with itself.  If, then, execution were permitted for one or more of several plaintiffs against one or more of several defendants, these principles would be grossly violated.  It would follow, then, that a judgment against three defendants, when all are in being and liable, if in a condition from lapse of time not to be executed until revived by *sci. fa.*, the legal effect of a revivor being as we have laid down, would be, when revived as to two only, in no better condition to be executed than before such revivor, because if, in such case, the execution was issued against the two, it would fail to follow the judgment and would be liable to be quashed for irregularity."

It is elementary that at common law *scire facias* to revive a judgment is not a new action, but simply a proceeding in aid of execution upon an old judgment, as is pointed out in the above quotation.  This is alluded to in *Smith v. Stevens,* 133 Ill. 183, at page 191, 24 N. E. 511, at page 512, as follows:

"The proceeding by *scire facias* to revive a judgment is not an original suit, but is merely a continuation of the suit in which the judgment was rendered.  *State v. Foster,* 7 Vt. 52; *Eldred v. Hazlett's Administrator,* 38 Pa. St. 16; *Hatch v. Eustis,* 1 Gall. 160; *Brown v. Harly,* 2 Fla. 159; *Pickett v. Pickett,* 1 How. (Miss.) 267; *Ingram v. Belk,* 2 Strobh. 207; *Fitzhugh v. Blake,* 2 Cranch, C. C. 37."

So also in *Funderburk v. Smith,* 74 Ga. 515, where the court had under consideration the question of allowing revivor against less than all of the defendants against whom the judgment had been rendered.  At page 516 the court said:

"A *scire facias* to revive a judgment is not an original suit, but is a continuation of another suit, and is to be

brought in the court where the judgment was rendered. *Dickinson v. Allison,* 10 Ga. 558; Code, §§ 3607, 3608. All the parties to the original judgment must be parties to the proceedings to renew or revive that judgment, and must be made parties, as provided by section 3608 of the Code. * * * The whole judgment must be revived, and not a part of it."

The above case was cited with approval in *Miller v. Melone,* 11 Okl. 241 (67 Pac. 479, 56 L. R. A. 620), where at page 259, the court said:

"We think it may be laid down as a general rule, and a rule supported by the great weight of authority, that all parties to the original judgment, if living and not discharged, must be made parties to the proceedings to renew or revive that judgment. In the case of *Funderburk v. Smith,* 74 Ga. 515, it was held that if one was not made a party and served with notice to revive, it was error to revive the judgment as to the other parties. The whole judgment must be revived and not a part of it."

In *Rowland v. Harris* (Tex. Civ. App.) 34 S. W. 295, it was held that if all original defendants to a judgment were not made parties in a proceeding to revive it by *scire facias,* such judgment was insufficient to support an execution by virtue thereof. Also in 23 Cyc, 1454, 15 R. C. L. 834, and 18 Enc. Pleading & Practice, 1066, the rule is laid down that all parties to a dormant judgment must be made parties in a proceeding to revive it.

It is urged, however, as our statute provides,, "all joint obligations and covenants shall hereafter be taken and held to be joint and several obligations and covenants," that therefore the common-law rule as to revivor of judgments by *scire facias* has no force, but that a judgment creditor may elect as to which defendants he will proceed against by that method. This question was considered in *Eastman v. Crawford,* 126 Ill. App. 320, and in disposing of the contention that their statute making joint obligations joint and several superseded the common-law rule as to *scire facias* to revive a judgment, the court said:

"The record presents the question whether the *scire fa-*

*cias* to revive a judgment against several joint defendants must not follow the original judgment, and the judgment thereon ought not also to be joint.  *  *  *  In our opinion the Illinois statute which provides that 'all joint obligations and covenants shall be taken and held to be joint and several obligations and covenants,' does not apply to judgments. Until the common-law rule in regard to reviving judgments by *scire facias* is changed in this State by appropriate legislative enactment we must hold to it and enforce it."

Whether the statute, providing in effect that joint covenants and obligations shall be joint and several, extends to joint judgments we find it unnecessary to determine, but it is plain that until a dormant judgment has been revived according to law, it is unaffected by this provision. A judgment, if revived by *scire facias,* must be revived as an entity. That such is the intent of the provision under consideration appears from its express terms. The authorities aptly say: "The whole judgment must be revived, and not a part of it." To revive a judgment as to one of several defendants is to substitute a new judgment for the original, which was neither contemplated by, nor made permissible under, the revivor statute. Chapter 19 of the Code, *supra,* provides simply for a revivor of the old judgment, as such, and there is nothing therein to indicate that a several revivor can be had. Until, the common-law rule as to revivor by *scire facias* is expressly superseded by legislative enactment, or by some other lawful method, judgments must be revived as to all defendants or not at all. If plaintiff desired to proceed against one only of the defendants his remedy was by a new action in debt on the judgment, under paragraph 13, chapter 1, of the Code, which reads:

"Persons jointly or severally liable upon the same obligation or instrument, including the parties to bills of exchange and promissory notes, and sureties on the same or separate instruments, may all or any of them be included in the same action, at the option of the plaintiff."

If a judgment creditor seeks by *scire facias* to keep a

judgment in force then he must proceed against all defendants and revive the specific judgment. If he selects the other method, namely, a new action on the judgment, he need join only such as he elects to join. This conclusion is not only supported by the weight of authority, but is in accord with principles of harmonious and consistent procedure, and also with equity and good conscience. Revivor proceedings are designed to protect not only the relationships and rights of plaintiffs, but also those of the defendants. To permit a plaintiff to have revival of a judgment against one only of several defendants might destroy the right of the defendant, thus made liable for the whole, to contribution from his co-defendants, and a surety of his indemnity as well, if he has paid the obligation of his principal, and so by non-action and laches a judgment creditor might deliberately defeat contribution or indemnity. This is manifest since the judgment creditor may select out of several defendants the one as to whom the judgment is to be revived, who might thus be left without remedy against his co-defendant for contribution or indemnity. Whereas in an action on the judgment a joint judgment debtor would have opportunity to bring in others equally liable and so protect his right of contribution or indemnity as the case might be, and this without harm or injury to a judgment creditor, who has an option between the two remedies, the one by *scire facias* against all judgment debtors, or by a new action against less than all.

Our investigation shows that the only decisions taking an apparently contrary view to the one above announced, on similar facts, are: *United States v. Houston et al.* (D. C.) 48 Fed. 207, which depends on a section of the Kansas Code providing in effect for the revival of judgments in the same manner as actions are originally brought, that is, against all or less than all who are liable. Also *Richardson v. Painter*, 80 Kan. 574, 102 Pac. 1099, 133 Am. St. Rep. 224, controlled by the same code provision. *Patterson v. Walton, et al.*, 119 N. C. 500, 26 S. E. 43, announces an opposite view to the one which we reach, but without comment, reason or argument, whatsoever, and *Vredenburgh v. Snyder,*

6 Iowa, 39, holding, under their code provision, that a judgment may be revived against one of two co-defendants, without reviving it as to the representatives of the deceased defendant.  Their provision is entirely different from ours.

Upon the record it is shown that the defendant Sperry was alive and resident within the State during the progress of these proceedings.  We are clearly of opinion, upon both reason and authority, that he should have been made a party to the application, and the failure to do so was and is fatal to the validity of the purported revival.  The judgment is reversed and the proceedings remanded with directions to dismiss them.

Judgment reversed and cause remanded with directions.

MR. JUSTICE SCOTT and MR. JUSTICE DENISON dissent.