## 20269. AMERICAN NATIONAL BANK OF MACON *v.* HODGES.

DECIDED AUGUST 28, 1930.

*Jones, Jones, Johnston & Russell,* for plaintiff.
*John J. McCreary,* for defendant.

STEPHENS, J. The rule that a judgment against several defendants must, when revived by scire facias, be revived as to all of the defendants, is but an expression of the right of any one of the defendants, in order to preserve whatever right of indemnity or contribution he may have against his codefendants, to insist that, upon a revival of the judgment against him, it should at the same time be revived against them. See, in this connection, the reasoning in the opinion of the court in Allen *v.* Patterson, 69 Colo. 302, 308 (194 Pac. 934), relied upon by counsel for the defendant in error. From this opinion we quote as follows: "If a judgment creditor

seeks by scire facias to keep a judgment in force, then he must proceed against all defendants and revive the specific judgment. If he selects the other method, namely, a new action on the judgment, he need join only such as he elects to join. This conclusion is not only supported by the weight of authority, but is in accord with principles of harmonious and consistent procedure, and also with equity and good conscience. Revivor proceedings are designed to protect not only the relationships and rights of plaintiffs, but also those of the defendants. To permit a plaintiff to have revival of a judgment against one only of several defendants might destroy the right of the defendant, thus made liable for the whole, to contribution from his codefendants, and a surety of his indemnity as well, if he has paid the obligation of his principal, and so by nonaction and laches a judgment creditor might deliberately defeat contribution or indemnity. This is manifest, since the judgment creditor may select out of several defendants the one as to whom the judgment is to be revived, who might thus be left without remedy against his codefendant for contribution or indemnity."

The right to a revival of the judgment against all the defendants being a mere personal right of each defendant, he must avail himself of it in answer to the writ of scire facias to revive the judgment, a scire facias being in the nature of a suit in which it is incumbent upon the defendant to plead. See *Lewis* v. *Allen,* 68 *Ga.* 398 (2), citing *Reed* v. *Sullivan,* 1 *Ga.* 292. It is therefore not a matter of which a defendant in scire facias can avail himself by illegality to a levy of an execution on the judgment which has been revived by the scire facias. The cases of *Funderburk* v. *Smith,* 74 *Ga.* 515, and Allen v. Patterson, supra, wherein it was held that a judgment against several defendants can be revived only against all of the defendants, arose in each case upon an assignment of error to the judgment of revival upon scire facias, and did not arise out of a collateral attack upon the judgment of revival for any invalidity in the judgment, or want of jurisdiction in the court which rendered it.

Where a scire facias to revive a judgment in favor of American National Bank against both J. O. Hodges and Mrs. Hettie B. Hodges was served upon Mrs. Hettie B. Hodges only, and not upon the codefendant J. O. Hodges, a judgment reviving the judgment against both defendants can not, after a levy upon the property of

Mrs. Hettie B. Hodges, be attacked by her in an affidavit of illegality upon the ground that service of the scire facias had not been had upon J. O. Hodges. Had J. O. Hodges himself, who had not been served with the writ of scire facias, interposed an affidavit of illegality to a levy of an execution on the judgment which had been revived against him, upon the ground that he himself had not been served with the writ of scire facias, an entirely different situation would have been presented. The court, because of a lack of service upon him, would have had no jurisdiction to revive the judgment against him. But where service of the writ of scire facias had been perfected upon Mrs. Hettie B. Hodges, the court acquired jurisdiction to revive the judgment as to her, and a failure of a perfection of service upon J. O. Hodges was a matter purely defensive so far as Mrs. Hettie B. Hodges was concerned, and should have been made by her by plea before the rendition of the judgment of revival against her, and not by illegality filed by her after the rendition of the judgment of revival against her. The court erred in sustaining the affidavit of illegality interposed by Mrs. Hettie B. Hodges to the levy of the execution upon the judgment revived by scire facies against her and J. O. Hodges.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*