UNION NATIONAL BANK OF WICHITA, KANSAS, a Corporation, Appellant, v. CARL C. LAMB, Respondent, No. 40684—227 S. W. (2d) 60.

Division One, February 13, 1950.

82

*Maurice J. O'Sullivan* and *John G. Killiger, Jr.,* for appellant.

*Cornelius Roach, Daniel L. Brenner, Wilfred Wimmell* and *Fred L. Howard* for respondent.

84

 DALTON, J.—Action on a Colorado judgment. The cause was tried to the court without the aid of a jury and judgment was entered for defendant. After a motion for a new trial had been filed and overruled, plaintiff appealed. This court affirmed the judgment. Union Nat. Bank of Wichita, Kansas v. Lamb, 358 Mo. 65, 213 S. W. (2d) 416.

Appellant, thereafter, appealed to the Supreme Court of the United States and that court treated "the papers as a petition for certiorari," granted it and reversed the judgment of this court. The Union Nat. Bank of Wichita, Kansas v. Lamb, 337 U. S. 38, 93 L. Ed. 888, 69 S. Ct. 911. The cause has been re-argued and resubmitted in this court.

We adopt, with slight modification, appellant's original statement of facts, as follows: "The petition filed December 13, 1945, alleged and by his answer defendant admitted that plaintiff recovered judgment against him upon personal service on December 8, 1927, in the District Court for the Second Judicial District of Colorado, for $3493.01 and costs, which was revived by order of said court on October 27, 1945. Defendant denied that personal service was had upon him on October 15, 1945, of notice of and a copy of the motion to revive, as said order of revivor recites. He alleged that nothing was due on said judgment when the order of revivor was entered on October 27, 1945, but the same had been paid in full and was satisfied on December 9, 1937, and that any recovery thereon was barred by the limitation prescribed by Sec. 1038 R. S. 1939.

"The petition averred that the judgment and order of revival conformed to and was authorized by Chap. 93, Sec. 2, 1945 Colorado Statutes Ann., and that under the statutes above mentioned and Chap. 88, Sec. 2 thereof as amended effective March 7, 1935, that plaintiff was entitled to execution under the laws of Colorado to enforce payment of said judgment in the sum of $3493.01, with simple interest thereon at 8% per annum from December 8, 1927 to March 7, 1935, and thereafter until paid at the rate of 6% per annum upon the

original sum, together with cost of $9.00 assessed thereon. It prayed for recovery accordingly, with costs, and that the same full faith and credit be accorded thereto in this State as provided by Sec. 1864, R. S. Mo. 1939, as said judgment and order of revivor was entitled to have and would be given under the laws of Colorado.

"A copy of the original judgment and of the order of revivor duly certified in conformity with 28 U. S. C. A. 687, and Sec. 1864, R. S. Mo. 1939, attached to and made a part of the petition, was duly offered in evidence. * * * Answers to interrogatories and admissions and stipulations of counsel established that defendant was not in Colorado in 1945, and that he then resided in Kansas City, Missouri. On October 15, 1947, a Deputy Sheriff of Jackson County personally served defendant in Kansas City, Missouri, with a notice of filing Motion to Revive Judgment and with a copy of the Motion to Revive Judgment and about the same time copies of both instruments were delivered to him in Kansas City, Missouri, by registered mail. He admitted that nothing had ever been paid to apply on the judgment of December 8, 1927. He did not appear nor plead to the Motion to Revive."

Additional facts should be stated. The judgment sued on was pleaded as follows: "Attached and made part hereof is a duly certified copy * * * of a judgment duly rendered in the exercise of its jurisdiction by said District Court * * * wherein the plaintiff herein duly recovered judgment against defendant on December 8, 1927, for $3493.01 and costs, and of an order and judgment of said court in the exercise of its jurisdiction duly made and entered in said cause on October 27, 1945, which adjudged that no part of said judgment or costs was ever paid or satisfied and ordered, adjudged and decreed that said judgment of December 8, 1927 for $3493.01 and costs in favor of plaintiff and against defendant be and the same was revived."

The judgment of revival stated with reference to the prior judgment: "* * * that said judgment, the principal amount due thereon, and all costs and interest thereon, are wholly unpaid and unsatisfied and that no part thereof has ever been paid or satisfied: Now, therefore, be it and it is hereby ordered, adjudged and decreed, that the judgment entered against the defendant in the above entitled cause on the 8th day of December 1927, be, and the same is hereby revived."

As stated, defendant's answer admitted the entering of the original judgment on December 8, 1927, and "that on the 1st day of December, 1945, an order of revivor of said judgment * * * was entered * * *" but denied "that the motion to revive said judgment was served on defendant by personal service." Defendant further pleaded that the original judgment was "barred by the Statutes of Limita-

tions in force and effect in the State of Missouri,'' Sec. 1038 R. S. 1939.

On trial, counsel for plaintiff advised the court that the only issue involved was ''the matter of the effect to be given in the State of Missouri to this revived Colorado judgment'' and the parties then stipulated that ''the only service on the revival proceedings * * * in 1945 * *. * were by service of notice and a copy of the motion to revive delivered to Mr. Lamb in Kansas City, Missouri, one by registered mail and the other by service by a Deputy Sheriff of Jackson County, Missouri.'' The original judgment and judgment of revival were received in evidence over defendant's objections based on Sec. 1038 R. S. 1939 and upon the fact the revival was ''upon substituted personal service.'' The trial court took the case under advisement and thereafter entered judgment for defendant.

In reversing the judgment of this court, which affirmed the judgment of the trial court, the Supreme Court (69 S. Ct. 911) said: ''It is plain that the Missouri court held that, whatever the effect of revivor under Colorado law, the Colorado judgment was not entitled to full faith and credit in Missouri. That holding is a ruling on a federal question and it cannot stand if, as assumed, the Colorado judgment had the force and effect of a new one.'' The court further said: ''But since the status of the 1945 judgment under Colorado law was not passed upon by the Missouri court, we do not determine the question. For the same reason we do not consider whether the service on which the Colorado judgment was revived satisfied due process. See Owens v. Henry, 161 U. S. 642. Both of those questions will be ▮▮▮ open on remand of the cause.'' The court further pointed out that the integrity of a foreign judgment could not be impaired, ''save for attacks on the jurisdiction of the court that rendered it.''

This cause was tried to the court without the aid of a jury and we are governed in our review by Sec. 114(d) Laws 1943, p. 388, Mo. R. S. A. Sec. 847.114(d), as follows: ''The appellate court shall review the case upon both the law and the evidence as in suits of an equitable nature. The judgment shall not be set aside unless clearly erroneous, * * *.''

Appellant now contends that neither of the two questions mentioned in the Supreme Court opinion are in issue or properly subject to determination on this appeal; and that, on the pleadings and evidence, ''plaintiff was entitled to judgment according to the prayer of its petition as a matter of law.'' Whether the judgment sued on was barred by Sec. 1038, supra, and whether the ''order of revivor of said judgment'' was upon such personal service as would satisfy due process were issues of law for the court. The facts being admitted by the pleading or stipulated before the court, the proper judgment

to be rendered was a mere legal conclusion. Rivard v. Missouri Pacific R. Co., 257 Mo. 135, 157, 169, 165 S. W. 763; Cox v. Sloan, 158 Mo. 411, 429, 57 S. W. 1052; Stanton v. Leonard, 344 Mo. 998, 130 S. W. (2d) 487, 488. We think it was conceded below that both issues were raised and were to be passed upon in the trial court. Appellant's original brief recognized these issues as follows: "The cases cited rule that a judgment of revival is merely a continuation of the original action and that if the court had jurisdiction of the person when the original judgment was rendered, that *any reasonable notice to defendant satisfies the due course and process of law* and that such judgments of revival are entitled to full faith and credit. The judgment of revival is a remedy for avoidance of the statute of limitations, and to avoid a presumption of payment from lapse of time. The judgment of revival orders, adjudges and decrees that the judgment entered against the defendant on December 8, 1927, be and the same is hereby revived. *This form of judgment continues the effect of and provides for execution upon the original judgment. It is a continuation of the original action.* It is enforceable for all purposes in Colorado, under the laws of that State, which were duly pleaded under Missouri Civil Code, Sec. 847.54 Mo. R. S. A. It is clearly distinguished from the new judgment rendered as in an action for debt under the Pennsylvania law, with which the court had to deal in Owens v. McCloskey, Exr., of Henry, 161 U. S. 642, 16 S. Ct. 693, 40 L. Ed. 837.'' (Italics ours).

In order to determine whether the judgment sued on was barred by the applicable statute of limitations in this state we must determine whether under Colorado law the 1945 Colorado judgment was a new judgment or whether the revivor did no more than to extend the statutory period in which to enforce the old judgment. If the 1945 Colorado judgment under Colorado law was a new judgment in personam against the defendant therein, then we must further determine whether the service upon which such 1945 judgment was entered satisfies due process.

Appellant now contends that "the Colorado procedure for revival is a continuation of the original action, but the judgment of revival is a new judgment, which may itself be revived and upon which execution issues"; and that "such judgments are entitled elsewhere to the same full faith and credit as they have by law and usage in the courts of the state from which they are taken." On this issue the U. S. Supreme Court said: "Thus La Fitte v. Salisbury, 43 Colo. 248, holds that a revived judgment has the effect of a new one. We are referred to no Colorado authorities to the contrary."

The Colorado statute of limitation on a judgment is 20 years and the lien expires in 6 years. 3 Colo. Ann. Stat. 1935, Ch. 93, Sec. 2. This section, among other things, provides that "from and after twenty years from the entry of final judgment in any court of this

state, the same shall be considered as satisfied in full, unless revived as provided by law.''

1 Colo. Ann. Statutes 1935, Ch. 6, Rule 54(h) provides in part: ''A revived judgment must be entered within 20 years after the entry of the judgment which it revives, and may be enforced and made a lien in the same manner and for like period as an original judgment. '* * * Revived judgments may themselves be revived in the manner herein provided.''

Rule 54(h) further provides for ''a notice requiring the judgment debtor to show cause within 10 days after service'' and that such ''notice shall be served on the judgment debtor in conformity with Rule 4.'' Rule 4 provides for service outside of the state on non-resident defendants only in actions in rem. The applicable subdivisions are (f) and (g) as follows: ''(f) Personal Service Outside the State. Personal service outside the state upon a natural person over the age of 18 years may be made (1) in any action where the person served is a resident of this state and (2) in any action affecting specific property or status or in any other proceeding in rem without regard to the residence of the person served; such service shall be made by delivering a copy of the process together with a copy of the complaint in person to the person served. * * * (g) Other Service. Service by mail or publication shall be allowed only in cases affecting specific property or status or other proceedings in rem. * * *''

The petition in this cause alleged that ''defendant formerly resided in Denver, Colorado, and now resides in Jackson County, Missouri,'' and, after defendant's counsel had stated in open court that defendant had lived in Missouri for seventeen years and that the only service had upon him was in this state, the parties stipulated that the only service in the 1945 revival proceedings ''were by service of notice and a copy of the motion to revive delivered to Mr. Lamb in Kansas City, Missouri, one by registered mail and the other by service by a Deputy Sheriff of Jackson County, Missouri.'' Appellant's statement of facts in his brief in this court concedes that ''defendant was not in Colorado in 1945, and that he then resided in Kansas City, Missouri.''

Appellant relies upon the La Fitte case, supra, to establish that the judgment of revival was a new judgment, while respondent relies upon the case of Allen v. Patterson, 69 Colo. 302, 194 P. 934. The Patterson case involved an attempt by a judgment creditor to have revival against one of two defendants. The proceeding and order of revival were under Chapter XIX of the then Colorado Code and the court there said (69 Colo. 302, 307): ''A judgment, if revived by scire facias, must be revived as an entity. That such is the intent of the provision under consideration appears from its express terms. The authorities aptly say: 'The whole judgment must be revived, and not a part of it.' To revive a judgment as to one of several defendants

*is to substitute a new judgment for the original, which was neither contemplated by, nor made permissible under, the revivor statute. Chapter 19 of the Code, supra, provides simply for a revivor of the old judgment, as such,* and there is nothing therein to indicate that a several revivor can be had. Until, the common-law rule as. to revivor by scire facias is expressly superseded by legislative enactment, or by some other lawful method, judgments must be revived as to all defendants or not at all. If plaintiff desired to proceed against one only of the defendants his remedy was by a new action in debt on. the judgment * * *.''

Chapter XIX (Sec. 261-264) of the then Colorado Code, was superseded April 6, 1941 by 1 Colo. Ann. Stat. 1935, C. 6, Rule 54(h)., the first sentence of which provides: ''A judgment may be revived against any one or more judgment debtors whether they are jointly or severally liable under the judgment.'' Other parts of the rule indicate more clearly than the prior statutes that a new judgment is contemplated, and we so hold.

While a new judgment in personam is contemplated in the event of revival upon personal service within the jurisdiction of the court, we think it is clear that a judgment in personam is not authorized under Colorado law upon such extra-territorial service as was had upon the defendant in this case who was not then a resident of the State of Colorado. We hold that under Colorado law a new judgment in personam was not contemplated nor authorized upon the kind of service that was admittedly had upon the defendant; and that the revival proceedings amounted to no more than an *in rem proceeding.* See Peak v. Peak (Mo. Sup.), 181 S. W. 394.

Due process for the purpose of obtaining an in rem judgment is different from due .process in obtaining a judgment in personam. As stated in an annotation in 144 A. L. R. 403, 404, cited by appellant. ''It is an elementary principle of constitutional law that no judgment in personam can, consistently with due process, be rendered against a nonresident without personal service of process upon him within the territorial jurisdiction of the court in which the suit is brought, and that a judgment rendered without such service of process is not entitled to recognition in the courts of other states under the full faith and credit provision.'' See McDonald v. Mabee, 243 U. S. 90, 61 L. Ed. 608, Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565; Dull v. Blackman, 169 U. S. 243, 42 L. Ed. 733. In the annotation, supra, it is further said: ''There would hardly seem to be any objection against the validity of constructive service against a nonresident defendant where, although the original action in which the defendant was properly before the court was one in personam, the proceedings for the revivor of the judgment partook of the nature of an action in rem, as where the relief sought was the continuance of

the lien of the judgment upon the land of the nonresident defendant within the jurisdiction of the court.''

We hold that, under the law of Colorado, the 1945 judgment of revival was valid only as an in rem judgment; that the service had was only authorized in an in rem proceeding against a nonresident; and that, as a new judgment in personam against the defendant (respondent herein), it was wholly unauthorized. The 1945 judgment of revival was not based upon personal service of process upon the defendant within the territorial jurisdiction of the court where the judgment was rendered. The service which was had upon him did not satisfy due process of law to sustain a judgment in personam and, as a judgment in personam against the defendant (respondent), the judgment of revival was not entitled to full faith and credit in this state. Owens v. Henry, 161 U. S. 642, 40 L. Ed. 837; Collin County Nat. Bank v. Hughes, 110 Texas 362, 220 S. W. 767; Hepler v. Davis, 32 Neb. 556, 49 N. W. 458; Rice, Brown & Co. v. Moore, 48 Kans. 590, 30 Pac. 10. In the Owens case a judgment had been entered against the defendant in the State of Pennsylvania and was revived in that state, but the defendant had ceased to be a resident of Pennsylvania years before the writ of scire facias was sued out, and had become a citizen of Louisiana, in which state the statute of limitations had run. The court said: ''Viewed as a new judgment rendered as in an action of debt, it had no binding force in Louisiana, as Henry had not been served with process or voluntarily appeared. And considered as in continuation of the prior action and a revival of the original judgment for purposes of execution, on two returns of nihil, it operated merely to keep in force the local lien, and could not be availed of as removing the statutory bar of the lex fori, for the same reason.''

Since under Colorado law the 1945 judgment of revival was valid only as an in rem judgment, and since no judgment in personam was authorized in Colorado on such service as was admittedly had on defendant in the revival proceedings, it follows that the only judgment in personam valid in the State of Colorado and entitled to full faith and credit here is the original judgment entered in 1927. This 1927 judgment is barred by Sec. 1038, supra; Northwestern Brewers Supply Co. v. Vorhees, 356 Mo. 699, 203 S. W. (2d) 422.

The judgment is affirmed. All concur.