KANNER, Judge (Ret.).
Sanford Gottsegen, plaintiff-appellee, brought suit in the Circuit Court of Pinellas County on an Ohio judgment recovered against defendants-appellants, Ethel M. Markham and E. A. Markham, founded on a cognovit promissory note in the principal sum of $20,000 which the Markhams had executed on March 20, 1928. Both parties moved for summary judgment; and the court, denying the motion of the Markhams, rendered summary judgment for Gottsegen in the sum of $81,793.54.
By his amended complaint, Gottsegen averred that Union Properties, Inc., on May 12, 1941, obtained a judgment against the Markhams in the common pleas court of Lake County, Ohio, in the amount of $30,-930.74, with 8 percent interest per annum to run from April 29, 1941. It is continued that certificates of judgment were filed and *101 recorded with the common pleas court in Lake County, Ohio, on November 27, 1942; October 17, 1947; October 9, 1952; and October 9, 1957. The complaint then sets out that on November 29, 1961, Union Commerce Bank of Cleveland, successor by merger to Union Properties, Inc., assigned the judgment to Gottsegen and that no part of the judgment has been paid except $353.-40 on March 16, 1959; $385.71 on April 9, 1959; and $436.43 on June 23, 1959.
The Markhams, answering, presented several defenses, one of which was that Florida’s seven year statute of limitations barred the action on the 1941 Ohio judgment. Since we agree that the trial court should have rendered summary judgment for the Markhams under this defense, we need not deal with the other defenses.
Section 95.11(2), Florida Statutes, F.S.A., provides that actions other than those for recovery of real property can be commenced only within seven years upon a judgment or decree of any court of the United States, or of any state or territory within the United States or of any foreign country. Essentially, the question is whether Gottsegen’s quest for a Florida judgment is barred by this statute. The protest of the Markhams is directed against the claimed effect of the filing of the Ohio certificates of judgment under Gottsegen’s assertion of their efficacy to keep the judgment alive and to preclude operation of Florida’s statutory bar.
The four certificates of judgment, upon which Gottsegen relies to prevent the application of section 95.11(2) 'and to sustain recovery of a Florida judgment, were issued at five year intervals under Ohio law. The last of these certificates was filed on October 9, 1957, while the present suit was instituted on May 18, 1962; so Gottsegen’s position as to the Florida statute of limitations is that this action was commenced within the seven year period specified by it. A perusal of the four certificates reveals that they were entered on printed forms and executed by the clerk of the common pleas court of Lake County, Ohio. Each certifies that the described judgment had been entered and that the judgment “ * * * shall be a lien from the date of filing this certificate, upon the lands and tenements situated in Lake County, Ohio, and owned by Ethel M. Markham and E. A. Markham judgment debtors in the above entitled action.”
There is no dispute as to any of the material facts. Gottsegen filed no affidavits to support his motion for summary judgment, while the Markhams, in support of their motion, filed two affidavits and the deposition of Gottsegen which they had caused to be taken. In their affidavits, the Markhams stated that they had executed the cognovit note in March of 1928 in the principal amount of $20,000; that they left the State of Ohio in 1934 and since that time had resided continuously in Pinellas County, Florida; that neither of them had ever received a notice that any proceeding by court action or otherwise was contemplated or was being taken or had been taken, based upon or relative to or in connection with the $20,000 note until service of summons in the Florida suit; that they had paid no part of the judgment and had no knowledge of any payments being made. By his deposition, Gottsegen paid $100 for the assignment; as to payments alleged in the complaint, they were made before the judgment was assigned to him; Gottsegen had no personal knowledge of them, did not know by whom nor to whom they were made.
The record reveals nothing to indicate that judicial notice of Ohio law was invoked by Gottsegen through the Uniform Judicial Notice of Foreign Laws Act, section 92.031, Florida Statutes, F.S.A., as basis or predicate for the Ohio law relied upon by him. The uniform judicial notice act does not in every case operate automatically. Rather, one intending to take advantage of it has the duty to give reasonable notice of that intention to adverse parties, either in pleadings or otherwise, and *102 should produce authorities which he intends to rely upon. Section 92.031(4), Florida Statutes, F.S.A.; Kingston v. Quimby, Fla. 1955, 80 So.2d 455.
The Ohio action against the Mark-hams was begun about seven years after their removal to Florida. At the time of the filing of the instant action, not only had they been residents of Pinellas County, Florida, for 28 years, but the Ohio judgment was then 21 years and 6 days old. Our section 95.11(2) prevails as a bar to the Florida action.
We may observe moreover that the result here would not be changed under application of the Ohio law as urged by Gottsegen. The certificates of judgment were filed under Ohio’s section 2329.02, Revised Code (General Code, § 11656) providing that “Any judgment * * * rendered by any court of general jurisdiction * * * within this state shall be a lien upon lands and tenements of each judgment debtor within any county of this state from the time there is filed in the office of the clerk of the court common pleas of such county a certificate of such judgment * * Baldwin’s Ohio Revised Code Annotated, 1954 (Banks-Baldwin Law Publishing Co., 1964). Additionally, it is provided by section 2329.-07, Revised Code (General Code, § 11663), “If neither execution on a judgment rendered in a court of record * * * is issued, nor a certificate of judgment for obtaining a lien upon lands and tenements is issued and filed, as provided in sections 2329.02 and 2329.04 of the Revised Code, within five years from the date of such judgment, or within five years from the date of the issuance of the last execution thereon or the issuance and filing of the last such certificate, whichever is later, then such judgment shall be dormant and shall not operate as a lien upon the estate of the judgment debtor. * * * ” It is apparent, therefore, that the filing of the certificates of judgment necessarily was to acquire a lien upon the lands and tenements of the judgment debtors in the county where the certificates were filed and thus to avoid dormancy. In this connection, see Kline v. Falbo, 1943, 73 Ohio App. 417, 56 N.E.2d 701; Kremer v. Keating, Ohio Com.Pl., 1947, 72 N.E.2d 596.
Even if it were to be assumed, though, that the procedure of filing the Ohio certificates of judgment could result in a judgment of revival, whether by creating a new judgment or what might be regarded as a continuation of the original action, yet for purposes of execution such result would be invalid and the statutory bar of the lex fori would not be removed where the defendant had not been served with process, had not voluntarily appeared, and had previously removed from the state where the proceedings were had. Owens v. McCloskey, 1896, 161 U.S. 642, 16 S.Ct. 693, 40 L.Ed. 837; Betts v. Johnson, 1896, 68 Vt. 549, 35 A. 489; Dunn v. Dilks, 1903, 31 Ind.App. 673, 68 N.E. 1035; Hepler v. Davis, 1891, 32 Neb. 556, 49 N.W. 458, 13 L.R.A. 565, 29 Am.St.Rep. 457; Rice, Brown & Co. v. Moore, 1892, 48 Kan. 590, 30 P. 10, 16 L.R.A. 198; Ehnes v. Weldon, 1951, 13 N.J.Super. 23, 80 A.2d 123; Union Nat. Bank of Wichita, Kansas v. Lamb, 1950, 360 Mo. 81, 227 S.W.2d 60.
It will be recalled that the Markhams in their affidavits stated they were not served with process nor given notice of any kind in connection with the filing of the certificates of judgment and did not appear in court either personally or through representation. This is not disputed; but Gott-segen urges that the cognovit note contained a waiver, obviating the necessity of service of process or notice as to any proceeding with respect to the judgment rendered. This we find not to be the case; rather, the waiver of service of process and notice applied to confession of a judgment; thereupon all error was released and all right of appeal waived and nothing else.
With reference to the complaint, Gott-segen alleged that on given dates in 1959, certain sums were paid on the Ohio judgment ; but by his deposition testimony, he *103 knew nothing about these payments and does not dispute the Markhams’ statement in their affidavit that they had made no payments. It is not contended at all by Gottsegen that these payments, alleged to have been made at a time approximately 18 years after rendition of the judgment, affected the running of Florida’s statutory period of limitations.
We have stated that the trial court should have rendered summary final judgment for the Markhams. Pursuant to. this holding, we reverse and remand the cause for entry of summary judgment for these appellants.
Reversed.
SMITH, Acting C. J., and ANDREWS, J., concur.