William E. Kelley and Allen H. Daugharty, Respondents, _v._ Lawrence Brothers, Incorporated, Appellant.

_A promissory note and check sent to the holder of a note for their aggregate amount, with a request that the debt be continued for the amount of the new note — effect of the retention and collection of the check by the creditor._

On the day prior to the maturity of a promissory note for $500 the maker mailed to the payees a letter asking to be allowed to renew the note in part, inclosing a renewal note for $350 and a check for $151.75. Upon receipt of such letter the payees wrote declining to grant the desired extension and returning the renewal note, and stating that they had sent the check to the bank upon which it was drawn for collection. The check was paid upon presentation.

*Held*, that, as the demand was liquidated, the retention and payment of the check did not operate as an accord and satisfaction of the original note, but was a mere part payment thereon.

APPEAL by the defendant, Lawrence Brothers, Incorporated, from a judgment of the City Court of Yonkers, in favor of the plaintiffs, entered in the office of the clerk of said court on the 31st day of January, 1902, upon the decision of the court rendered after a trial before the court without a jury at a Trial Term of said court.

*Ralph Earl Prime, Jr.*, for the appellant.

*Frederick W. Mattocks*, for the respondents.

WILLARD BARTLETT, J.:

This action was brought upon a promissory note for $500, made by the defendant to the order of the plaintiffs, which fell due on December 10, 1901. On the day before it matured the defendant mailed a letter to the plaintiffs asking to be allowed to renew the note in part, and inclosing in the letter a renewal note for $350 and a check for $151.75. The letter stated that this check included the discount on the renewal of the loan.

The plaintiffs declined to grant the desired extension, and so advised the defendant by a letter, returning the renewal note and stating that they had sent the check to the bank upon which it was drawn for collection.

It is contended on this appeal that the retention of the check, which was duly paid upon presentation, operated as an accord and satisfaction, extinguishing the liability of the defendant upon the original note; and in support of this proposition we are referred to the cases of *Nassoiy* v. *Tomlinson* (148 N. Y. 326); *Fuller* v. *Kemp* (138 id. 231); *Brown* v. *Symes* (83 Hun, 159); *Reynolds* v. *Empire Lumber Co.* (85 id. 470), and *Freiberg* v. *Moffett* (91 id. 17). All of these cases, however, were actions upon unliquidated demands or disputed claims, and recognize the rule that where a demand is liquidated and the liability of the debtor is not disputed, the acceptance of a less sum than is the creditor's due will not of itself discharge the debt. There was nothing more than this in the case at bar, and we are of opinion that the defendant failed to make out the defense of accord and satisfaction.

The proof, however, sustained the defense of payment in part; and we are unable to see why the defendant was not entitled to credit for the amount of the check which the plaintiffs retained and collected. The manner in which they dealt with it indicated an intention to accept it in part payment of their claim, and this payment may properly be held to have been made at the time when they received it. (See *Hunter* v. *Wetsell*, 84 N. Y. 549, 554.)

The judgment should be modified by deducting therefrom the amount of the check and reducing the costs as prescribed in the special act applicable to the City Court of Yonkers (Laws of 1893, chap. 416); and as thus modified it should be affirmed, without costs of this appeal to either party.

GOODRICH, P. J., WOODWARD and HIRSCHBERG, JJ., concurred.

Judgment of the City Court of Yonkers modified by deducting therefrom the sum of $151.75 and reducing the costs as prescribed in the special act applicable to the City Court of Yonkers (Laws of 1893, chap. 416), and as thus modified affirmed, without costs of this appeal to either party.