### GALOWITZ et al. v. HENDLIN.

(Supreme Court, Appellate Term, First Department. December 24, 1914.)

ACCORD AND SATISFACTION (§ 12*)—CONSIDERATION—BONA FIDE DISPUTE.
   Where a demand was liquidated, and there was no evidence of a bona fide dispute as to the amount due, and a lesser amount was accepted and a receipt in full given, the receipt did not amount to an accord and satisfaction; the element of a consideration being wanting, and the debtor's obligation to pay the entire debt not being satisfied.
   [Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig. §§ 92, 93, 96; Dec. Dig. § 12.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Joseph Galowitz and another against Philip Hendlin. From a judgment for defendant, after a trial by the court without a jury, plaintiffs appeal. Reversed, and new trial granted.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued December term, 1914, before GUY, BIJUR, and PAGE, JJ.

Julius J. Michael, of New York City, for appellants.

Kaufman & Gisnet, of New York City, for respondent.

PAGE, J. As no evidence of a bona fide dispute between the plaintiffs and the defendant concerning the amount due on July 29, 1913, when the receipt in full was given, has been adduced, the giving of the receipt did not amount to an accord and satisfaction. Laroe v. Sugar Loaf Dairy Co., 180 N. Y. 367, 73 N. E. 61; Fuller v. Kemp, 138 N. Y. 233, 33 N. E. 1034, 20 L. R. A. 785. In the latter case the learned court said at page 237 of 138 N. Y., at page 1035 of 33 N. E., 20 L. R. A. 785, in the opinion:

"Where the demand is liquidated, and the liability of the debtor is not in good faith disputed, * * * the acceptance of a less sum than is the creditor's due will not of itself discharge the debt, even if a receipt in full is given. The element of a consideration is lacking, and the obligation of the debtor to pay the entire debt is not satisfied."

There was also no evidence to support the defense of payment in full.

The judgment must therefore be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.