CHESTER BEECROFT, Respondent, v. ELLA J. CAREY and Others, Appellants.

First Department, December 19, 1919.

Accord and satisfaction — acceptance of less than full amount of judgment made as payment in full — action to set aside and annul New York judgment on ground that New Jersey judgment based thereon was satisfied.

The receipt and acceptance, by the attorneys for a judgment creditor, of a check for less than the amount of the judgment, on which was indorsed "Payment in full of judgment in suit of *Carey* v. *Beecroft*," though given with the understanding and agreement between the said attorneys and the agent for the judgment debtor that it was to be in full settlement of the judgment, does not constitute a complete accord and satisfaction, where it does not appear that there was any dispute between the parties either as to the validity of the judgment or the claim on which it was founded, for there was no consideration for the agreement to discharge the judgment in full.

There having been no valid and enforcible agreement for the satisfaction of the said judgment, which was a New Jersey judgment recovered upon a New York judgment, such invalid agreement of satisfaction cannot be the

basis for a demand that the said New York judgment be set aside and vacated, and especially as it was not alleged that there was any agreement ever made to satisfy the New York judgment.

APPEAL by the defendants, Ella J. Carey and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 25th day of July, 1919, overruling the demurrer to the complaint.

*Thomas W. Constable,* for the appellants.

*Stephen Van Wyck,* for the respondent.

DOWLING, J.:

The complaint herein sets forth that prior to August, 1914, plaintiff was indebted to defendants for breach of contract and they put the claim for collection in the hands of Sarver & Ames, mercantile collection agents, who were unable to collect the debt, whereupon said agents with the authority of defendants placed the claim with an attorney for suit, who commenced an action resulting in the entry of a judgment in favor of defendants against plaintiff in the county of New York on August 11, 1914, in the sum of $219.16. Execution issued thereupon was returned unsatisfied September 18, 1914. The attorney returned the claim, reduced to judgment, to Sarver & Ames with the knowledge and consent of defendants, for the purpose of collection and Sarver & Ames in turn with like authority from defendants sent the judgment to Goldweber & Goldweber, New Jersey attorneys, for collection and legal action. On June 2, 1915, those attorneys commenced action on the New York judgment and obtained judgment thereafter in the First District Court, Jersey City, N. J., in favor of defendants against plaintiff in the sum of $227.93. In September, 1917, plaintiff by one Charles F. Pope entered into negotiations " for a compromise and payment of the judgment secured by Goldweber & Goldweber as attorneys for the said Careys." It is alleged that Goldweber & Goldweber in September, 1917, advised Sarver & Ames of an offer of compromise to settle the judgment, and asked for instructions, which were given by Sarver & Ames,

to accept as settlement and payment in full of said judgment " about the sum of One hundred ($100) dollars." These instructions were authorized by defendants, who were advised of the facts. It is averred that Sarver & Ames duly authorized and empowered Goldweber & Goldweber on behalf of defendants to accept a compromise for " about One hundred ($100) dollars " of said judgment secured in New Jersey and that Goldweber & Goldweber, as attorneys for the judgment creditors, informed Pope that they were authorized and empowered to compromise and settle the judgment, and that it was then agreed that Pope would pay to said attorneys for the judgment creditors the sum of $117.90 and " they would give him a satisfaction of said judgment entered in the First District Court of Jersey City, State of New Jersey." Pursuant to said agreement, Charles F. Pope drew his check upon the Greenwich Bank of New York, dated October 1, 1917, payable to the order of Goldweber & Goldweber, attorneys, for the sum of $117.90 and indorsed it " Payment in full of judgment in suit of *Carey* v. *Beecroft*," and forwarded it to the attorneys, who received it, indorsed it as such attorneys and collected the proceeds thereof. Neither plaintiff nor Pope has ever received a satisfaction of the judgment, though demand has been made therefor. It is alleged " that the compromise and payment of said judgment by said Charles F. Pope was done at the request of and on behalf of the plaintiff herein, who provided the money therefor." The relief demanded is, that a decree may be made setting aside, vacating and annulling the judgment secured by defendants against plaintiff within the jurisdiction of the State of New York.

Plaintiff's contention is that the transaction between Pope, as representative of the plaintiff, and Goldweber & Goldweber, as attorneys for defendants, was a complete accord and satisfaction. But concededly Pope was not buying this judgment, nor seeking to have it discharged, on his individual account. The complaint sets forth that plaintiff entered into the negotiations for the compromise and payment of the judgment, through Pope; and that the compromise and payment of the judgment by Pope was at the request and on behalf of plaintiff, who provided the money therefor. This must be treated, therefore, as a transaction between plaintiff

and defendants. As between them, there was no sufficient consideration for a discharge of the whole debt. There is no allegation that there was any dispute between the parties, either as to the validity of the claim or of the judgment. All that appears is that there was a valid judgment against plaintiff in favor of defendants, and that he desired to pay less than the full amount thereof. Under those circumstances, the payment in question did not constitute an accord and satisfaction.

As was said by Mr. Justice PAGE in *Galowitz* v. *Hendlin* (150 N. Y. Supp. 641): " As no evidence of a *bona fide* dispute between the plaintiffs and the defendant concerning the amount due on July 29, 1913, when the receipt in full was given, has been adduced, the giving of the receipt did not amount to an accord and satisfaction. (*Laroe* v. *Sugar Loaf Dairy Co.*, 180 N. Y. 367; *Fuller* v. *Kemp*, 138 N. Y. 231.) In the latter case the learned court said at page 237 of 138 N. Y., in the opinion: ' Where the demand is liquidated, and the liability of the debtor is not in good faith disputed, * * * the acceptance of a less sum than is the creditor's due will not of itself discharge the debt, even if a receipt in full is given. The element of a consideration is lacking, and the obligation of the debtor to pay the entire debt is not satisfied.' " (See *Kelley* v. *Lawrence Brothers*, 78 App. Div. 484; *Eames Vacuum Brake Co.* v. *Prosser*, 157 N. Y. 289.)

In the absence of any dispute as to the validity of the claim or of either judgment, there was no consideration for the acceptance of a less sum than the face of the judgment. There is no allegation of such dispute. The learned court at Special Term was correctly of the opinion upon the facts pleaded there was no accord and satisfaction of the New Jersey judgment. Despite which, the court held that as equity requires that to be done which should be done, to wit, the execution of the defendants' agreement for the satisfaction of the judgment, the complaint sets forth a good cause of action in equity, and that the agreement would be executed by a satisfaction of the New York judgment. But as in fact there was no valid and enforcible agreement to satisfy the New Jersey judgment, because there was no consideration therefor, such invalid agreement cannot be the basis of the

demanded satisfaction of the New York judgment. Nor is it even alleged that there was any agreement ever made to satisfy the New York judgment.

The order appealed from will be reversed, with ten dollars costs and disbursements, and the demurrer will be sustained, with ten dollars costs.

LAUGHLIN, PAGE, MERRELL and PHILBIN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and demurrer sustained, with ten dollars costs.