**KNICKERBOCKER v SHARFENAKER, et**

Ohio Appeals, 2nd Dist, Franklin Co

No 2657.  Decided October 4, 1938

Henry G. Binns, Carl Tresemer, Robert N. Krier, Theodore W. Gregg, all of Columbus, for appellant.

310

Charles A. Schwenker, Columbus, for appellees.

**OPINION**

By BARNES, PJ.

The above-entitled cause is now being determined on plaintiff's appeal on questions of law and fact from the judgment of the Court of Common Pleas of Franklin County, Ohio.

The following statement of facts will render understandable the nature of the controversy.

On the 10th day of March, 1927, Herbert F. Holscher, the then duly qualified acting trustee in bankruptcy for the Gibraltar Coal & Coke Company, recovered judgment against one of the defendants, Edward C. Sharfenaker, in the amount of $1138.42, including interest to date of judgment.

At a subsequent date Albert Korzenborn recovered a judgment against the said Edward C. Sharfenaker, in the sum of $553.

Robert N. Krier is a substituted trustee in bankruptcy for Herbert F. Holscher. Included in the judgment of the trustee in bankruptcy was a recovery in the sum of $166.50, as costs of case. No part of the judgment recovered by the trustee in bankruptcy or the judgment for costs have been paid. Claim was made in the brief of counsel for appellees that Albert Korzenborn has been paid although this does not appear from the pleading or the evidence.

On the 23rd day of March, 1927, the trustee in bankruptcy caused execution to be issued against the personal and real property of the defendant, Edward C. Scharfenaker, directed to the Sheriff of Franklin County, Ohio, which execution was duly returned by the Sheriff wholly unsatisfied; "that the said Edward C. Sharfenaker does not have any personal or real property subject to levy on execution sufficient to satisfy the said judgment, interest and cost."

On the 4th day of January, 1928, the will of Katherine Sharfenaker, the mother of Edward C. Sharfenaker and the other defendants, was duly probated in the Probate Court of Franklin County, Ohio. The defendant, Mary A. Sharfenaker, a daughter, was named in the will as executrix and immediately following the probate of the will, she took steps through which she was duly appointed as such executrix.

On the 3rd day of June, 1929, the said executrix duly filed her final account and was discharged. Other portions of the will of Katherine Sharfenaker, pertinent to the present inquiry are contained in clause 2 and 5, now set forth in full.

"Second: I give, devise and bequeath to my daughter, Mary A. Sharfenaker, the use of my home free of charge to her for and during her natural life or as long as she remains single. At her death, or in case she marries, the said property which constitutes my home at the time of my death shall pass to my children share and share alike; the share of any of my children that should then be dead shall pass to their heirs share and share alike."

"Fifth: I give, devise and bequeath to my daughter, Mary A. Sharfenaker, in trust for the following uses and purposes and not otherwise all of my property not otherwise disposed of herein, to be held by her for a period of five years and as much longer as all of my children shall agree to, but in any event, shall hold my real estate, collect the rents, apply the same toward the payment of taxes. When the said properties are sold which shall not be within five years from the date of my

death each of my grandchildren shall receive $300 and the balance of the funds obtained from the sale of said property shall then be divided equally among my children. In case any of my children are then deceased, that one share shall pass to his or her children."

Among the assets of the estate were several pieces of real estate within the city of Columbus, Ohio. Through the inventory, and appraisement for purposes of inheritance tax and other proceedings, it would indicate that the value of the interest of the defendant, Edward C. Sharfenaker, was in excess of $2000.

Prior to August 1st, 1927, the trustee in bankruptcy of the Gibraltor Coal & Coke Company, made application in cause No. 106,726, in the Common Pleas Court of Franklin County, Ohio for the appointment of a receiver for Edward C. Sharfenaker for the purposes of taking possession of the property of every kind and character of the judgment debtor. On August 1st, 1927, after hearing, the Common Pleas Court of Franklin County, Ohio duly appointed Glen F. Knickerbocker as such receiver with authority to bring such action as might be necessary to render assets of Edward C. Sharfenaker available for the payment of creditors. The named receiver gave bond as required and duly qualified as such.

Following his appointment the receiver took various steps and brought at least one action all in furtherance of an effort to obtain possession of whatever property might become due Edward C. Sharfenaker from the estate of his mother, but the various activities were unavailing and nothing has been recovered by the receiver.

On February 6, 1935, the receiver for Edward C. Sharfenaker commenced the present action in which Edward C. Scharfenaker, Mary A. Sharfenaker, individually and as trustee under the last will and testament of her mother Katherine Sharfenaker, as well as all other legatees and devisees under said will of Katherine Sharfenaker were made par-

ties defendants. The petition in the first paragraph thereof set out in detail plaintiff's appointment, qualifications and purposes.

The second paragraph sets out the date, amount of judgment, and in separate amount judgment for costs obtained by the trustee in bankruptcy of the Gibraltar Coal & Coke Company against Edward C. Sharfenaker. There is the further obligation that the judgment still subsists in full force and is fully unpaid.

In the third paragraph there is the allegation that execution was issued on the judgment on the 23rd day of March, 1927 and the same was returned to the Sheriff wholly unsatisfied. The defendant, Edward C. Sharfenaker, having no property, personal or real, subject to levy and execution.

A fourth paragraph refers to the will of Katherine Sharfenaker, mother of Edward C. Sharfenaker, its probate and date thereof, copy of which is attached as an exhibit. There is the further allegation as to Mary A. Sharfenaker being appointed and qualified as executrix; her final account and discharge on June 3, 1929; the further allegation that Mary A. Sharfenaker was named trustee under the provisions of said will establishing a trust embracing in its terms certain realty of which the said Katherine Sharfenaker died seized in fee. Then follows description of the real estate under three separate descriptions, Nos. 1, 2 and 3; it is also alleged that Edward C. Sharfenaker, by virtue of said will acquired certain rights and interests in said realty which is not subject to levy and execution; also description and location of the property constituting the homestead of Katherine Sharfenaker. The following is the prayer of the petition which we set out in full:

"WHEREFORE plaintiff prays the court for an order directing the said Mary A. Sharfenaker, trustee under the last will and testament of Katherine Sharfenaker, deceased:

First: To determine the share and interest of Edward C. Snarfenaker in

said trust, and that said trustee be ordered to convert said share into cash, either by partially terminating said trust as to the share of said Edward C. Sharfenaker or in toto as the discretion of the court requires, and to make payment thereof to the plaintiff for the use and benefit of the said creditors of Edward C. Sharfenaker.

**Second:** To account for the rents and profits from said real estate so held in trust, and that said trustee be required to pay to plaintiff the proportionate share of said Edward C. Sharfenaker in and to all rents and profits from said property from the date of the death of said Katherine Sharfenaker to the date of the order, first deducting therefrom any and all payments made or required to be made for taxes.

**Third:** That the interest of said Edward C. Sharfenaker in and to the property which constituted the home of said Katherine Sharfenaker at the time of her death, to-wit: No. 823 Sullivant Avenue in the City of Columbus, Franklin County, Ohio, and being lot No. 58 in the Osborn Place addition to the City of Columbus, recorded in Plat Book No. 4, pages 364-365, be determined and sold, and the proceeds therefrom paid to this plaintiff for the use and benefit of said creditors of Edward C. Sharfenaker.

**Fourth:** That said defendants, children of Katherine Sharfenaker, be required to produce to this plaintiff the full and complete names, ages and addresses of their respective children in being as of December 28, 1933, in order that they may be made parties to this action, and their rights and interests fully protected and adjusted.

**Fifth:** And for such other relief to which plaintiff may be found entitled in law in equity."

The only defendants filing answers were Edward C. Sharfenaker and Mary A. Sharfenaker, trustee under the last will and testament of Katherine Sharfenaker. However, Mary A. Sharfenaker in her answer filed same on behalf of

herself and the remaining five brothers and sisters. The answer of Edward C. Sharfenaker was a general denial.

The separate answer of Mary A. Sharfenaker, trustee, on behalf of herself and other legatees after admitting the probate of the will, the date of probate, her appointment and qualification, the closing of the estate, her discharge as such executrix on June 3, 1929, and that she was named as trustee under the will establishing a trust, then follows a general denial of all other allegations.

On the issues thus joined the cause was tried in the Common Pleas Court resulting in the finding and judgment for the defendants and against the plaintiff.

Prior to the final determination of the cause in the Common Pleas Court plaintiff made application to make new parties and file supplemental petitions. This application was denied and was journalized in same entry through which plaintiff's cause was dismissed.

Within the statutory time the case was carried to our court through a notice of appeal on question of law and fact.

Of course this means that we are considering and determining the case de novo. At a previous term application was made to make new parties defendants and file supplemental petition.

On October 8, 1936, we released a written opinion granting plaintiff's application to file supplemental petition and make new parties defendants.

Supplemental petition was filed in this court November 14, 1936. The new parties named were Gertrude Sharfenaker, wife of Edward C. Sharfenaker, and the Franklin Federal Savings & Loan Association of Columbus, Ohio. Each was duly served with summons but neither filed any pleading of any kind or character. The supplemental petition, among other things, in substance sets forth that since the commencement of this action and while the same was still pending with intent to prefer one or more creditors to the exclusion in whole or in part of this plain-

tiff and with intent to hinder delay or defraud, this plaintiff, the defendants conspired together and in collusion with Gertrude Sharfenaker and said Franklin Federal Savings & Loan Association, did attempt to partition said real estate and make and execute deeds for the respective interest, the deed for the share of the defendant, Edward C., being made to his wife, Gertrude C. Sharfenaker.

Allegation is further made that in aid of the distribution sought to be made in line with the will of the mother, Katherine Sharfenaker, a mortgage loan was procured from the Franklin Federal Savings & Loan Association through which adjustments were made in cash.

The prayer in supplemental petition asks that the several conveyances and the mortgage encumbrances be set aside, held for naught and cancelled of record or that the defendants be required to reconvey said property of Mary A. Sharfenaker as trustee of the trust and in substance that the situation be returned as it existed before said attempt to partition, etc. The prayer also contains the usual provisions for such other and further relief either in law or equity to which plaintiff may be entitled. On March 15, 1938, the defendants, Mary A. Sharfenaker and Edward C. Sharfenaker, filed joint answer. No answer or other pleadings were filed by any of the remaining defendants including the two new defendants.

The joint answer of Mary A. and Edward C. Sharfenaker traverse many of the allegations set out in the original petition and thereby present additional issues to those upon which the case was tried in the Common Pleas Court.

The first paragraph of the joint answer presents a denial that Albert Korzenborn is a judgment creditor in the amount of $533, and further denies that Edward C. Sharfenaker is indebted to said Albert Korzenborn in any amount, whatever. In the interest of brevity we will discuss some of these paragraphs of the joint answer immediately following statment of the content of such paragraph.

The briefs do not advise us as to the purpose of this averment.

We might say further that defendants present no evidence for purpose or tending to elucidate this very general averment. We are unable to conclude that this averment presents any issue pertinent to the present inquiry.

The second paragraph of the joint answer in substance sets out that no execution has been issud on the judgment of the trustee in bankruptcy since return of the execution March 27, 1927, and therefore, the judgment became dormant on March 23, 1932, and that the same has not been revived. Plaintiff in his reply admits that no execution has been issued since the 23rd day of March, 1927 but says that subsequent to said levy and prior to the 23rd day of March, 1932, proceedings in aid of execution were instituted against the defendant, Edward C. Sharfenaker and that pursuant to said proceedings in aid of execution, this plaintiff, Glen F. Knickerbocker was, on the first day of August, 1927, appointed receiver for Edward Sharfenaker; that on the 16th day of November, 1936, Theodore W. Gregg was appointed successor receiver for Edward C. Sharfenaker; that from the first day of August, 1927, and since said date, there has been duly appointed, qualified and acting receiver of said Edward C. Sharfenaker and that during said period said receiver has diligently prescribed the duties of said office.

As effecting judgment lien and right of execution there is no question that the judgment of the trustee in bankruptcy of the Gibraltar Coal & Coke Company was dormant. Of course, the present action is not brought by the trustee in bankruptcy. The action is by a receiver for Edward C. Sharfenaker. Plaintiff claims that it is an action in the nature of proceeding and aid of execution.

The issue thus raised will be discussed more fully later.

The third paragraph of the answer seeks to raise the question that the issues raised through plaintiff's petition

are res judicata. This third paragraph of the answer says that on (date not given), the plaintiff-receiver filed suit in the Common Pleas Court of Franklin County, Ohio, against Mary A. Sharfenaker, executrix and trustee of the last will and testament of Katherine Sharfenaker, deceased, and the American Guaranty Company in which cause of action the receiver, Glen F. Knickerbocker, asked for judgment against Mary A. Sharfenaker and the American Guaranty Company.

That thereafter, an answer was filed by Mary A. Sharfenaker and the American Guaranty Company and the same was submitted to the court on the evidence and the pleading and said petition was dismissed.

Plaintiff's reply supplies the omitted date in the third paragraph of defendants' joint answer and says that on the 20th day of January, 1932. the receiver filed in the Court of Common Pleas of Franklin County, Ohio, a suit against Mary A. Sharfenaker, executrix, and the American Guaranty Company; thereafter an anwer was filed by Mary A. Sharfenaker and the American Guaranty Company; that the same submitted to the court on evidence and pleadings, and said petition was dismissed. The receiver denies that Mary A. Sharfenaker was joined in said suit as trustee or that any of the other defendants were parties in that action.

The averments of this third paragraph of the joint answer are not sufficient to raise the issue of res judicata. This is due to the fact ▇▇▇▇▇▇ ▇ we are not advised as to the nature of this prior action and answer and are unable to know as to whether or not same issues were presented and determined as are presented in the instant case.

The fourth paragraph of the joint answer admits that Mary A. Sharfenaker was named trustee in the provisions of the will of Katherine Sharfenaker, deceased, and that Katherine Sharfenaker died seized of the real estate described in said petition.

The fifth paragraph of the joint an-

swer of the two defendants-appellees contains a specific denial that they ever conspired to hinder or to defraud any of the creditors of Edward C. Sharfenaker, and further deny that any preference was given to any creditors.

The sixth paragraph of the joint answer contains the averment that the real estate was transferred in accordance with the directions of the will and by virtue of power and authority vested in the trustee; further that at the time of the said transfer there were no liens or claims on such property which would prevent the transfer by said trustee.

The next and last paragraph is a general denial of each and every allegation not previously admitted to be true.

This leaves two principal issues for determination:

First: Does the claimed dormancy of the judgment prevent the prosecution of the present action?

Second: Is plaintiff entitled to any relief?

By agreement the testimony in the case was taken before Hazard Okey, Special Master Commissioner. We have before us the transcribed testimony. Defendant-appellees called no witnesses although they do introduce and there is attached to the transcript of the evidence their Exhibit 1-A. This exhibit was intended to present evidence in support of defendants' claim of res judicata. This entry does not supply the infirmities of the answer to which we have already called attention.

This transcript of the evidence supports all the pertinent factual questions, placed in issue through plaintiff's petition and defendants' answer. The evidence also supports the claimed action of the defendants set out in the supplemental petition in furtherance of a division or partition of the property claimed by defendants to be authorized and in conformity to the will of Katherine Sharfenaker, deceased. The claim of conspiracy and illegality of the acts are primarily based on the fact that the action which they admittedly took was while the present cause was lis

pendens and therefore, in violation of law.

Plaintiff called for cross examination one of the appellees, Mary A. Sharfenaker. In the course of the examination this witness testified that the interest of her brother, Edward C., was turned over to his wife, Gertrude, both by deed and payment of money by reason of an order from Edward C. The order was not presented although the witness Mary, said that she had it or could procure it. Her evidence was closed with the understanding that same would be procured and attached as exhibit, but we do not find it. Other than the general designation of being an order, Mary could give no statement as to its contents.

We think it fairly inferable that the action of the appellees was taken on advice of counsel; the advice being that the judgment of the Gibraltar Coal & Coke Company was dormant and has not been revived and therefore, could not be the predicate for an action such as was brought by the plaintiff. We might say further that the record discloses that Mary C. Sharfenaker was not appointed trustee by the Probate Court or any other court, but assumed her claimed rights and duties under the provisions of the will alone. Through the allegations and admissions in the pleadings, together with the uncontradicted evidence, the controversy resolves itself into one of law.

We now take up for determination the two primary issues. First, the claimed dormancy of the judgment and its effect.

**Section 11663:**

"Judgment becomes dormant and ceases to be lien when. If execution on a judgment rendered in a court of record in this state, or a transcript of which has been filed as hereinbefore provided sued out within five years from the date of the judgment, or if five years intervene between the date of the last execution issued thereon and the time of suing out another execution, such judgment shall be dormant and cease to operate as a lien on the estate of the judgment debtor."

The above section was amended May 16, 1935, but the amendment had no application both by reason of substance and date. Counsel for appellee cites numerous cases but we fail to see that these cases add anything to the very clear and unambiguous language of the section. In substance the cited cases state that an execution issued on a dormant judgment will be set aside on motion and the property restored to the judgment debtor.

It is well recognized that a dormant judgment may be revived.  The prescribed method of revival is by action. The section is in no sense a statute of limitation.

Its purpose is to clear real estate of liens within what is considered a reasonable time. But for this section or by one of similar import, there would be very few tracts of land free from presenting a cloud on the title by judgment of long standing. Of course, in the instant case no execution is attempted to be issued nor is any claim being asserted that a lien exists by reason of the judgment. The claim is made that by reason of the equitable action in aid of execution, a lis pendens was presented through which the defendants would not be authorized to dispose of the property sought to be subjected to the payments of the debts of the defendant, Edward C. Sharfenaker. Counsel for appellants refers us to a number of cases and apparently very clearly supports its contention. In **Cincinnati v Hafer, 49 Oh St 60**, the judgment had actually become dormant pending suit by creditor's bill. It was held that the judgment need not be revived. On page 68 of the opinion we find the following:

"During the same year in which the defendant in error recovered his judgment against Mrs. Teetor, he began the present suit in the nature of a creditor's bill. It then became a lis pendens, and his rights in this litigation did not

thereafter depend upon whether his judgment would be suffered to become dormant or not. If he should neglect to keep alive the judgment by the issue of execution thereon, it would cease to be a lien on the debtor's real estate, and until revived, no execution could be thereafter issued on the judgment. By failure, however, to issue execution, the judgment would nonetheless remain a debt of record, and until reversed or satisfied, would serve as a basis of a new action to subject the equities of the judgment debtor * * * While a suit in the nature of a creditor's bill was pending, it would have been a useless exaction to require him to issue execution from time to time, to accomplish the object for which his suit has been prosecuted."

It is urged that this case is to be distinguished from the instant case in that the action in the nature of a creditor's bill was commenced before the judgment became dormant

In the case of **Card v Walbridge, et, 18 O. p. 411,** the Supreme Court had under consideration this question, and there appears in the syllabus the following:

"In such case the complainant may proceed immediately in chancery on a dormant judgment without reviving by scire facias."

We quote the following from pages 412 and 413:

"It will be perceived that the judgment of the complainant is now dormant, no execution, as appears from the record, ever having been issued on it. It is contended on the part of defendants, that complainant can not come into a court of chancery on a dormant judgment, but he must revive by scire facias. Whatever might be the proper course of procedure in a case differently situated, in a case like the present, where the only remedy to be had, is against equities, that can only be subjected through the aid of a court of chancery and where, before, there

can be reached the certificate of bankruptcy which otherwise would be set aside for fraud, we think the aid of a court of chancery may be properly invoked in the first instance. * * * The defendant can make every defense in this proceeding that he could on scire facias to revive the judgment."

This question is discussed in 23 Corpus Juris, 306 and also 100 American Decisions, page 500 and notes.

In the instant case we have the situation that the equitable action to collect assets is brought by a receiver for Edward C. Sharfenaker and not by the judgment creditor whose judgment was dormant. Of course the receiver was appointed before the judgment became dormant. The claim is made that the appointment of the receiver constituted an equitable execution. Cited decisions from the Supreme Court of Ohio tended to support appellant's contention.

**C. S. & C. R. R. v Sloan, 31 Oh St 1-7. Cheyney v Maumee Cycle Company, 64 Oh St 205-214.**

**Investment Co. v Haas, 110 Oh St 188.** Also see Freeman on Executions, 3rd Edition, Vol. III, Page 2249. Section 419. Also see page 2243 and 2247.

It is our conclusion that the appointment of the receiver for Edward C. Sharfenaker constituted an equitable execution.

That the present equitable action brought by the receiver will not be denied because the judgment in the case through which the receiver was appointed was dormant at the time of the filing of the instant case.

This would be true even if the judgment creditor appeared as plaintiff. Since an existing unpaid judgment is sufficient upon which to predicate an equitable action to subject assets to its payments; it takes the place of an action to revive. The same defenses

would be available as in an action to revive.

This proceeding in no sense violates the provision of the code section relative to dormant judgments

The claimed dormancy of judgment will not avail as a defense.

This brings us to the question as to whether or not under the pleadings and the evidence, the plaintiff is entitled to the relief prayed for.

As the issues are now presented to us we can see no substantial reason why plaintiff is not entitled to relief.

The receiver was appointed August 1st, 1927, after due notice to the defendant, Edward C. Sharfenaker, and upon hearing, the entry of appointment being very broad in its terms. The title of all property of the defendant was vested in the receiver and he was authorized to bring any and all actions necessary and requisite to reduce same to possession. Case of **Cincinnati v Sloan, 31 Oh St 1,** is authority for the proposition that the appointment of a receiver is a final order.

This means that it was a judgment in a case subject to review. We can not at this time question the propriety of the appointment of such receiver since defendant did not seek a reversal of the judgment through review. Furthermore, it appears from the record that the defendant, Mary A. Sharfenaker, trustee, had knowledge of the appointment of a receiver at least in early 1932. The trustee, Mary A. Sharfenaker, was duly served with summons in the present action several months before she made her partition and distribution as an intended compliance with the will of her mother, Katherine Sharfenaker. Claim is made that the Probate Court has exclusive jurisdiction in the administering of testamentary provisions of wills. This is a correct statement of the law but it has no application in the instant case. Mary A. Sharfenaker, trustee, sought the aid of no court in making her distribution nor was she appointed trustee by any court.

Her claimed rights were asserted solely through the provisions of the will. The five-year period through which the trust property under the provision of the will should not be sold has long since expired.

Whether or not the further provisions of the will extending the five-year period "as much longer as all my children shall agree to", would authorize the receiver to act for Edward C. Sharfenaker, is not important now, since the uncontradicted evidence shows all the children of the deceased testatrix acted, and an attempted division has been made. The appellees were in error in making distribution to the wife of Edward C. Sharfenaker. She has been made a party to this action through supplemental petition duly served with summons but neither through pleading or evidence supports any claim of superior equity to that of the appellant.

Counsel for appellee vigorously urge that no consideration should be given to the supplemental petition on the claimed ground that it is an attempt to state a new cause of action. We do not so find. There is a prayer for additional relief but this is occasioned by the changed conditions under which the supplemental petition was authorized to be filed. The power of courts of equity to make new parties in a proper case is unquestioned. The power of the court to extend its orders so as to grant relief to which parties are entitled is almost unlimited. We have no difficulty in determining that appellant is entitled to relief in the instant action but the scope of the order is a query.

If the amount of property turned over to the wife of Edward C. Sharfenaker represents a fair division as provided under the will, we would not be disposed to disturb the division as made to the other heirs but would determine that all the property, both real and personal given to Gertrude Sharfenaker, wife of Edward, could be vested in the receiver. If the real estate is unencumbered and title to same is now in either Gertrude or Edward, we could vest same in the trust receiver by ordering deed

318

of conveyance to be made to constitute such transfer of title. If the money balance which was paid to Gertrude was not forthcoming from Gertrude or Edward, same would be ordered paid by Mary, the trustee. The same order would be made as to income if any. This order against Mary Sharfenaker, trustee, would be warranted on account of her unauthorized distribution in the face of pending action to which she was a party.

If it should be contended that the distribution to Gertrude, wife of Edward, was substantially disproportionate to Edward's share under the will, then we might hear further evidence on this question.

It is probable that counsel will have no difficulty in agreeing upon a proper entry.

Costs adjudged against defendants.

HORNBECK, J, and GEIGER, J, concur.