KLINE, APPELLEE, *v.* FALBO ET AL., APPELLANTS; WILLIAMSON ET AL., APPELLEES.

418

*Messrs. Kerr & Irwin,* for appellee, Jennie King Kline.

*Mr. Thomas F. Joseph,* for appellants.

*Mr. W. V. Frazier, Jr.,* for appellees, Earl O. Williamson and Harry O. Thomson.

CARTER, P. J. The action below was one for a declaratory judgment. The pleadings constitute the evidence in the case. The trial court found that defendant Earl O. Williamson had, under the evidence, the first and best lien on the premises in question, that Harry O. Thomson had the second best lien, and that by reason of the dormancy of the Falbo judgment the Falbos had no lien on the premises.

Appeal is prosecuted to this court on questions of law.

The parties will be designated as they were in the trial court.

The material allegations necessary to a determination of the issues involved are as follows: Plaintiff alleges that under the will of Ella King she, Jennie Kline, became seized in fee simple of an undivided one-seventh interest in the property in question; that a power of attorney was executed to Frank T. Kerr by Jennie Kline and William Kline Sr., her husband, Kerr instituting the action in question; that a sale of the premises in question had been agreed upon; that deeds had been executed by all parties, and the Falbos, Williamson and Thomson have or claim to have liens on the undivided interest of Jennie Kline; that these defendants have been unable to agree as to the

validity and priority of their respective liens; and that the purchaser refuses to take the premises until the liens are released and title cleared; and prays that he as attorney in fact of Jennie Kline be directed to whom he shall pay the proceeds of the sale of the premises.

To this petition an answer was filed by Thomas and Teresa Falbo in which they aver that they had, at the request and for the accommodation of Jennie King Kline, executed a promissory note as security to the Peoples Bank of Tiltonsville, Ohio; that on default by the plaintiff, the principal maker, to make payment on the note a suit was filed against the defendants, Thomas Falbo and Teresa Falbo, by the bank in the Court of Common Pleas of Jefferson county, Ohio; that judgment was rendered against the defendants in the amount of $940.60 and costs, on June 10, 1932; that by reason thereof the Falbos were compelled to pay and did pay the judgment to the Peoples Bank; that on the tenth day of September, 1937, the Peoples Bank of Tiltonsville, Ohio, executed an assignment of the judgment to the Falbos, which was duly filed with the clerk of Common Pleas Court of Jefferson county, Ohio, and of record; that on the seventeenth day of September, 1937, the Falbos filed in the office of the clerk of the Common Pleas Court of Belmont county, Ohio, a certificate of this judgment, and the same was duly filed in judgment lien docket number 1, page 61, in the records of the court; and that they caused an execution to be levied upon the property in question; and they pray that their lien on such property be declared a subsisting and first lien, and that this lien be satisfied out of the proceeds of the sale.

The defendant Harry O. Thomson in his separate answer admits generally the allegations of the petition, and further says that he obtained a judgment in the Court of Common Pleas of Belmont county in the

amount of $598.13 and costs against plaintiff, Jennie Kline; that this judgment was obtained on the 28th day of November, 1938; that no part of such judgment has been paid; and that a certificate of this judgment was recorded in volume one of the judgment lien docket on November 28, 1938, and is a valid and subsisting lien against the premises described in the petition, and the first lien to the claims of the other defendants herein, save and except for the lien of the defendant Earl O. Williamson; and he prays that the court may upon hearing determine that he is entitled to the second best lien as between these defendants.

Earl O. Williamson filed his separate answer in which he admits generally the allegations of the petition, and says that he obtained judgment in the Court of Common Pleas of Belmont county for $400 against Jennie Kline, plaintiff; that this judgment was obtained on July 6, 1938; that on August 9, 1938, a certificate of judgment was filed, which was recorded in the judgment lien docket of Belmont county; that no part of the judgment has been paid; and that his lien is the first and best lien; and he prays that the court may so determine and declare.

Now it is claimed that the court was in error in finding Falbos' judgment was dormant at the time the certificate thereof was filed in the office of the clerk of courts of Belmont county for the reason there is no evidence upon which to base such finding.

A perusal of the answer of the Falbos discloses that on the 17th day of September, 1937, they filed in the office of the clerk of courts of Belmont county a certificate of their judgment, and the same was duly filed in judgment lien docket number 1, page 61, in the records of the court, and on March 2, 1942, an execution was levied on the property. This is the evidence as to the filing of the certificate of judgment in Belmont county.

The trial judge had before him the allegations as to when judgment was rendered against the Falbos and Jennie Kline in favor of the Peoples Bank of Tiltonsville, Ohio, which rendition of judgment bore date of June 10, 1932. This judgment was rendered in Jefferson county, and no certificate of same was filed in Belmont county until the 17th day of September, 1937. We must assume that had there been anything done to stay the dormancy of this judgment prior to the filing of the certificate in Belmont county on September 17, 1937, such would have been alleged in the answer of the Falbos in attempting to preserve the priority of their liens over the liens of the other defendants. In other words, we must assume that the Falbos in their answer set out every claim that they had in attempting to preserve their claimed lien and its priority, and we conclude that such was done when they were represented by such able counsel as they had selected to represent them. If we are correct in this regard how stand the Falbos with reference to a living lien and with reference to its priority over that of the other defendants? The Falbos' judgment was rendered as hereinbefore indicated on June 10, 1932, more than five years having elapsed from the time of its rendition until a certificate of this judgment was filed in Belmont county, which filing bears date of September 17, 1937.

Section 11663 of the General Code provides:

''If neither execution on a judgment rendered in a court of record or certified to the clerk of the Court of Common Pleas in the county in which such judgment was rendered be issued, nor a certificate of judgment for obtaining a lien upon lands and tenements be issued and filed, as provided in Sections 11656 and 11656-2 of the General Code, within five years from the date of such judgment, or within five years from the date of the issuance of the last execution thereon

or the issuance and filing of the last such certificate thereof, whichever be later, then such judgment shall be dormant and shall not operate as a lien upon the estate of the judgment debtor. If, in any county other than that wherein a judgment was rendered, such judgment has become a lien by reason of the filing, in the office of the clerk of the Court of Common Pleas of such county, of a certificate of such judgment as provided in Sections 11656 and 11656-2, and if no execution be issued for the enforcement of such judgment within such county, or no further certificate of such judgment be filed in said county, within five years from the date of issuance of the last execution for the enforcement of said judgment within said county or the date of filing of the last certificate in said county, whichever be the later, then such judgment shall cease to operate as a lien upon lands and tenements of the judgment debtor within such county."

There is no claim made that any action has ever been instituted by the Falbos, since the rendition of the judgment, to have same revived under the provisions of Section 11645, General Code. Therefore five years after its rendition the Falbo judgment became dormant and has remained so since five years subsequent to its rendition, the five-year period having elapsed on approximately June 10, 1937.

Section 11663, General Code, provides in part:

"If, in any county other than that wherein a judgment was rendered, such judgment has become a lien by reason of the filing, in the office of the clerk of the Court of Common Pleas of such county, of a certificate of such judgment as provided in Sections 11656 and 11656-2, and if no execution be issued for the enforcement of such judgment within such county, or no further certificate of such judgment be filed in said county, within five years from the date of issuance of the last execution for the enforcement of said judgment with-

in said county or the date of filing of the last certificate in said county, whichever be the later, then such judgment shall cease to operate as a lien upon lands and tenements of the judgment debtor within such county.''

It is urged that even though the judgment had become dormant in Jefferson county it was revived so far as the property herein was concerned for the reason that the judgment became a lien by the filing of a certificate of judgment with the office of the clerk of courts of Belmont county. In this we cannot concur. First of all the statutes in question must be construed *in pari materia*. Certainly the Legislature did not intend, nor do we construe this statute to give a creditor a greater advantage in a county other than the one in which the judgment was rendered, and it is our view that in order to toll the running of the statute, which provides that a judgment shall become dormant in five years, under the provisions of Section 11663, General Code, steps must be taken to make such judgment a lien in a foreign county prior to its becoming dormant. The filing of the certificate in Belmont county did not and could not revive the judgment, which had already become dormant in Jefferson county prior to the certification of the same to Belmont county. The Legislature has made provisions for revival of dormant judgments, which procedure in our judgment is exclusive.

It has been further urged that Section 11663, General Code, is a statute of limitations, and that same must be plead before advantage could be taken. While we concede that where the statute of limitations is involved, if not plead it is waived; however, we do not consider Section 11663, General Code, as a statute of limitations. Certainly if more than five years had elapsed under the statute the judgment was dormant and no valid execution could be issued thereon while

the judgment remained dormant. The purpose of Section 11663, General Code, is to clear real estate of liens within what has been construed by the Legislature as a reasonable time for a judgment to remain a lien on real estate. To this effect see *Knickerbocker* v. *Sharfenaker*, 29 Ohio Law Abs., 309.

We think the court was right in the conclusion reached.

The judgment is affirmed.

*Judgment affirmed.*

Phillips and Nichols, JJ., concur.