HENRY FARMER, as President of FARMER & OCHS Co., a Joint Stock Association, Appellant, v. FREDERICK SCHNEIDER et al., Trading as HARWAY Co., Defendants, and JOSEPH RAGOZZINI, Respondent.— Plaintiff appeals from an order made at Special Term vacating an execution issued by the plaintiff and the levy made thereunder. With the exception of the first ordering paragraph, which denies appellant's motion for reargument, the order is reversed on the law and the facts, without costs, and the matter remitted to Special Term to take proof of the following facts: (1) By whom the $35 was paid in alleged satisfaction of the judgment; (2) whether the attorneys of record were authorized to accept $35 in satisfaction of the judgment or whether their acceptance was subsequently ratified or approved by plaintiff; and (3) whether the judgment referred to in the satisfaction is the same judgment as the one under which the execution was issued and levy made. Appeal from that part of the order which denies reargument, and appeals from the decisions dismissed, without costs. If the judgment referred to in the satisfaction is different from the one under which the execution was issued and levy made, the satisfaction is of no avail to the respondent. Acceptance by a creditor from a debtor of a sum less than the undisputed amount of a liquidated claim is not a satisfaction thereof in the absence of other consideration. (*Beecroft* v. *Carey,* 190 App. Div. 104, and cases therein cited.) Payment by one other than the debtor is sufficient consideration for the acceptance by the creditor of a sum less than the amount of a liquidated claim. (*Luddington* v. *Bell,* 77 N. Y. 138.) An attorney, as such, has no authority to satisfy a judgment otherwise than by full payment. A debtor is legally bound to know that the attorney has no authority to accept a lesser sum than the amount of a judgment and that the attorney's acceptance of such a lesser sum does not bind his client unless such act is thereafter ratified and approved by the client. (*Wood* v. *The Mayor,* 44 App. Div. 299.) The execution was issued eighteen years after the judgment was recovered. Respondent moved to vacate the execution and set aside the levy thereunder upon the sole ground that the judgment had been paid. The court acted on the assumption that no execution had been issued within five years after the entry of the judgment and that leave of the

court was necessary before the present execution could issue. (Civ. Prac. Act, §§ 651, 652.) The issuance of an execution upon a judgment more than five years after its docketing does not of necessity render the execution void. (*Bank of Genesee* v. *Spencer*, 18 N. Y. 150.) If leave of the court is necessary, it is incumbent on the respondent by appropriate motion to move to set the execution aside upon that ground. Close, P. J., Carswell, Johnston, Adel and Lewis, JJ., concur.