**UNITED STATES for Use and Benefit of GROHNE v. ENGLISH CONST. CO., Inc., et al.**

United States District Court
S. D. New York.
Feb. 19, 1951.

Harry Kalman, New York City, for plaintiff's assignee.

McLaughlin, Stickles & Hayden, New York City, for Century Indemnity Co. J. Francis Hayden, Alfred P. O'Hara, Mario Lorenti, all of New York City, of counsel.

CONGER, District Judge.

This is an application by the defendant, The Century Indemnity Company, to vacate a judgment docketed in this Court.

The controversy arises out of a judgment obtained in the United States District Court of Wyoming in favor of the "use" plaintiff, Henry L. Grohne, against the defendants as the result of the failure of the defendant, The English Construction Co. Inc., to pay to the "use" plaintiff sums due the latter as sub-contractor on Post Office construction work in Laramie, Wyoming. The English Construction Co. Inc. was the general contractor while The Century Indemnity Company was surety on a payment bond.

The Wyoming judgment was entered July 19, 1943 and was paid in September, 1943 by one Mary L. Sheehan of Chateaugay, New York. It appears that Mary L. Sheehan is the sister of Philip E. Conners, the president of The English Construction Co. Inc. The judgment was not satisfied but instead Mary L. Sheehan took an assignment of the same, which assignment was not at that time filed in Court.

On September 7, 1950, the assignment to Mary L. Sheehan was filed in the Wyoming Court along with a further assignment from Mary L. Sheehan to J. E. Conners, who is the wife of Philip E. Conners. Execution on the judgment was issued the same day and was returned unsatisfied.

Certified copies of the judgment and the execution were filed in this Court on September 27, 1950.

The issuance of execution by this Court has been temporarily stayed pending determination of this application.

The applicant's principal contention is that the judgment of the United States District Court of Wyoming is dormant and, therefore, that execution may not issue thereon.

█ The enforceability of a judgment of a United States District Court depends upon the practice applicable to a judgment of the court of the state in which the District Court is located. 28 U.S.C.A. § 1962: Reconstruction Finance Corp. **v.** Maley, 7 Cir., 1942, 125 F.2d 131.

Section 3–4212 of the Wyoming Compiled Statutes provides in part: "If execution on a judgment rendered in any court of record in this state * * * be not sued out within five (5) years from the date of the judgment, or if five (5) years intervene between the date of the last execution issued on such judgment and the time of suing out another execution thereon, such judgment shall become dormant and shall cease to operate as a lien on the estate of the judgment debtor."

██ It is plain from a reading of this statute that the judgment in question is dormant since no execution was issued thereon within five years after its entry in the Wyoming Court on July 19, 1943. This, however, did not prevent the Wyoming Court from issuing execution on such judgment in September, 1950, even though, according to the Wyoming statutes, a dormant judgment may be revived only by formal application to the Court rendering it upon notice to the adverse party. Wyoming Compiled Statutes, sections 3–3902, 3–2308. But it appears to be the rule generally that an execution on a dormant judgment is not void, but only voidable. Although there is no case in Wyoming standing for such a rule, the courts of Ohio, whose

judgment revivor statutes are a pattern for Wyoming, so hold. See Van Nover v. Eshleman, 17 Cir.Ct.R.,N.S., 202, 32 O.C.D. 110. New York has the same rule. Farmer v. Schneider, 1945, 269 App.Div. 1043, 58 N.Y.S.2d 587. If the applicant were objecting to the Wyoming execution, I take it that it would be necessary to go back to Wyoming to do so.[1] The Wyoming execution adds nothing to the certified copy of the judgment filed in this Court, however, so that the applicant may properly object here to execution on a judgment obviously dormant under the Wyoming law and retaining such infirmity here. The filing of the certified copy of the Wyoming judgment in this jurisdiction and the issuance of execution here did not bring to life the dormant Wyoming judgment. Kline v. Falbo, supra.

I conclude, therefore, that the judgment, dormant in Wyoming, is also dormant here, and execution may not issue upon it.

Settle order.

---

1. Likewise, the judgment could be revived only in Wyoming according to the statutes, and a collateral proceeding is not

a substitute for revivor. Kline v. Falbo, 73 Ohio App. 417, 56 N.E.2d 701.