**JUNEAU SPRUCE CORPORATION, a corporation, Plaintiff,**

**v.**

**INTERNATIONAL LONGSHOREMEN'S & WAREHOUSEMEN'S UNION, an unincorporated association et al., Defendants.**

**No. 336.**

United States District Court,

N. D. California, S. D.

Feb. 1, 1955.

Webster V. Clark, Rogers & Clark, San Francisco, Cal., for plaintiff.

Gladstein, Andersen Leonard & Sibbett, San Francisco, Cal., for defendants.

GOODMAN, District Judge.

In the District Court of the District of Alaska, on May 20, 1949, in an action for damages under § 303 of the Taft-Hartley Act, 29 U.S.C.A. § 187, plaintiff recovered a judgment against defendants in the sum of $750,-000 principal, costs and attorneys fees. After appeals, the judgment became final on January 7, 1952, 342 U.S. 237, 72 S.Ct. 235, 96 L.Ed. 275. Pursuant to 28 U.S.C. § 1963, the judgment was registered in this Court on December 9, 1954 and execution was thereupon issued.

Defendants have moved to vacate the registration of the judgment, to quash the execution and, to quash the procedures for examination of the judgment debtors. The ground of the motion is that the registration is invalid because the Alaska judgment is not "live," in that proceedings to issue execution, as provided by Alaska law, were not there taken. § 55–9–89 of Alaska Code of Civil Procedure provides in substance that execution on a judgment, over five years old, cannot be issued, except upon motion, notice to the opposite party and hearing. But § 55–9–62 of the Alaska Code in substance provides that the lien of a judgment lasts for 10 years, i. e. a suit upon the judgment, to preserve its life, must be brought within 10 years after entry of judgment.

I am satisfied that this is not a "dead" or "dormant" judgment. It is "live" for 10 years under Alaska Code § 55–9–62. The provisions prescribing the time limits for execution are not statutes of limitation upon the judgment itself. Miller v. United States, 9 Cir., 1947, 160 F.2d 608; Custer v. McCutcheon, 1931, 283 U.S. 514, 51 S.Ct. 530, 75 L.Ed. 1239; 50 C.J.S., Judgments, § 849, p. 422.

The Alaska judgment is a valid "live" judgment per se. It is a judgment "for the recovery of money" it "has become final". The Alaska limitation statute had not yet run. It was therefore properly registered here under 28 U.S.C. § 1963.

U. S., for the use of United States for Use and Benefit of Grohne v. English Construction Co., D.C.S.D.N.Y., 95 F. Supp. 763, mainly relied upon by movants, is not apposite. There the New York Federal Court held a Wyoming Federal judgment to be dormant and quashed the *Wyoming execution* sought to be enforced in New York. The Wyoming statute, W.C.S.1945, § 3–4212, in effect declared a judgment upon which execution was not issued within five years to be dormant and *no longer a lien*. Relief was denied by the New York Court clearly for the reason that its aid was sought to enforce a Wyoming execution upon a dead (i. e. over five years old) Wyoming judgment. Obviously the action of the New York Court was not predicated upon 28 U.S.C. § 1963 but upon some other statute, possibly 28 U.S.C. § 2413.[1]

There remains for consideration only the question, whether execution may properly issue upon the judgment registered in this Court.

28 U.S.C. § 1963 specifically speaks as to the effect and enforcement of a judgment so registered, namely, it *"shall*

---

[1] § 2413 provides: "A writ of execution on a judgment obtained for the use of the United States in any court thereof shall be issued from and made returnable to the court which rendered the judgment, but may be executed in any other State, in any Territory or in the District of Columbia."

*have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.*" These are plain words and mean what they say. Congress did not intend any different meaning.[2]

No matter what the statutes of Alaska may provide as to the issuance of execution there,[3] this is now in effect a judgment of our Court. It may, as provided in § 1963, be here enforced accordingly.

No limitation provision of California or Federal law stands in the way of enforcing the judgment as registered here. No defense to the judgment, such as payment, has been tendered.

The motion in all respects is denied.

---

2. See Senate Report No. 1917, U.S.Code Congressional and Administrative News 1954, pp. 3142, 3143.

3. Considerations of public policy in Alaska, as affecting judgments obtained there, are not pertinent in this District.